**A. P. BOYETT, Sr., et al., Appellant,**

**v.**

**CITY OF COLLEGE STATION, Texas,**
**Appellee.**

**No. 15742.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 4, 1971.

Rehearing Denied April 8, 1971.

Patman & Patman, Philip F. Patman, Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., J. C. Davis, W. O. Shultz, Asst. Attys. Gen., Austin, for appellant.

Baker & Botts, Frank G. Harmon, S. Byron Balbach, Jr., Houston, for appellee.

PEDEN, Justice.

This is an appeal from the granting of a declaratory judgment by the District Court of Brazos County in a class action. After a non-jury trial the court held, among other things, that the employees of Texas A. & M. University are eligible to hold non-salaried positions with the City of College Station, Texas and to receive their salaries from the University while doing so.

It is uncontroverted that on June 19, 1970, more than a month prior to the filing of this suit in Brazos County, a similar suit was filed in Travis County by A. P. Boyett, Sr., and others. In that suit the parties defendant were Robert S. Calvert, Comptroller of Public Accounts of the State of Texas, and six members of the City Council of the City of College Station. The plaintiffs sought a declaratory judgment as to whether the State Comptroller is prohibited by Article XVI, Section 33, of the Texas Constitution, Vernon's Ann.St. from paying warrants upon the State in favor of persons serving concurrently as members of the faculty or staff of Texas A. & M. University and as members of the City Council of the City of College Station. The plaintiffs also asked that the Comptroller be enjoined from paying warrants to such persons. All parties defendant answered. On July 21, 1970, the City of College Station filed an intervention in the Travis County suit raising certain other issues, and the case was set for trial. On July 30, 1970, the instant cause was filed in Brazos County.

Section 33 of Article XVI of the Texas Constitution, as amended November 11, 1967, provides:

"The Accounting Officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust, or profit, under this State, except as prescribed in this Constitution. Provided, that this restriction as to the drawing and paying of warrants upon the Treasury shall not apply to officers of the National Guard or Air National Guard of Texas, the National Guard Reserve, the Air National Guard Reserve, the Air Force Reserve, the Officers Reserve Corps of the United States, nor to enlisted men of the National Guard, the Air National Guard, the National Guard Reserve, the Air National Guard Reserve, the Air Force Reserve, and the Organized Reserve of the United States, nor to retired officers of the United States Army, Air Force, Navy, and Marine Corps, and retired warrant officers and retired enlisted men of the United States Army, Air Force, Navy, and Marine Corps. It is further provided, until September 1, 1969, and thereafter only if authorized by the Legislature by general law under such restrictions and limitations as the Legislature may prescribe, that a non-elective State officer or employee may hold other non-elective offices or positions of honor, trust, or profit under this State or the United States, if the other offices or positions are of benefit to the State of Texas or are required by State or federal law, and there is no conflict with the original office or position for which he receives salary or compensation. No member of the Legislature of this State may hold any other office or position of profit under this state, or the United States."

The first point of error raised by appellant, A. P. Boyett, Sr., was that the trial court erred as a matter of law in overruling the pleas in abatement which he and the Attorney General of Texas filed in this case because there was a prior suit pending in court of coordinate jurisdiction, the District Court of Travis County, involving substantially the same parties and almost precisely the same subject matter as the suit here on appeal. The first point of error of the Attorney General also asserted that the

trial court erred in overruling his plea in abatement.

We sustain the first point of error filed by both appellants.

"Abatement on the ground of a former suit pending is predicated on comity, convenience, and orderly procedure in the trial of contested issues. The inherent bases for the plea have given rise to the modern rule of liberal construction, and to a gradual departure from the earlier doctrine that did not favor the plea and that required the pleader to bring himself strictly within the law. Accordingly, in passing on the merits of the plea, courts are not now controlled by technical rules and definitions of legal terms, such as 'causes of action,' but rather by the practical results to be obtained, dictated by a consideration of the inherent interrelation of the subject-matter of the two suits.

"The doctrine of comity grows out of the manifest propriety, if not necessity, that the court first obtaining jurisdiction should retain exclusive cognizance of the suit for the determination of all issues involved. The doctrine is applicable to all courts of concurrent jurisdiction, including appellate tribunals."

1 Tex.Jur.2d 42, Abatement and Revival § 21.

It is stated at 2 McDonald, Texas Civil Practice (1970) 185, § 7.10:

" * * * 'When the [court in which the second suit is filed] abates, as it should, the second suit on a timely filed plea, it is not done so much on the grounds of a lack of jurisdiction as on the grounds of comity, vexatious litigation or [the avoidance of] a multiplicity of suits.'

"The test usually stated is whether the judgment in the first action would dispose of all issues in the second. Certainly, when the two actions involve the same 'cause of action,' either because the plaintiff has split his claim or because the parties have filed competitive suits, the second action cannot be maintained against the challenge of a plea in abatement. Even if the actions do not involve precisely the same cause of action, because the controlling issues of one go beyond those of the other, yet if the crucial, determinative issues are identical the second action must abate."

Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063 (1926), states the general rules for determining whether the later suit should be abated because of the pendency of the former suit between the same parties. It was there held that when the first suit was filed in the district court, that court's jurisdiction attached, "with power to permit the pleadings to be amended and amplified, new parties to be made, to determine all essential questions, and to do any and all things with reference thereto authorized by the Constitution and statutes, or permitted district courts under established principles of law." Jurisdiction having attached upon filing of the first suit, that jurisdiction cannot be taken away or arrested by subsequent proceedings in another court.

And it was pointed out in McCurdy v. Gage, 123 Tex. 558, 69 S.W.2d 56 (1934):

"The rule is well settled that, where two actions involving the same subject-matter are brought in different courts having coordinate jurisdiction, the court which first acquires jurisdiction, its power being adequate to administer full justice to the rights of all concerned, should retain such jurisdiction, undisturbed by the interference of any other court, and dispose of the whole controversy."

In Chem-Gas Engineers, Inc. v. Texas Asphalt & Refining Co., 398 S.W.2d 143 (Tex.Civ.App.1965, no writ), the court held that in order to abate the second suit it is not necessary that the judgment in the prior action would be res judicata as to that last filed, only that the first court has power to fully adjudicate all the matters at issue be-

tween the parties incident to the contract which was the subject matter of that suit.

We look to the relationship between the subject matter of the two suits. The essential question raised by the plaintiffs' petition to be determined by the court in Travis County was whether the State Comptroller has legal authority under Article XVI, Section 33, of the Texas Constitution, to draw or pay a warrant upon the Treasury of the State of Texas in favor of the other named defendants for salary or compensation as employees of the Texas A. & M. University system while they hold elective positions as members of the City Council of the City of College Station, Texas. The City's petition in intervention raised this additional question: Are persons serving as members of the faculty or staff of Texas A. & M. disqualified from holding office concurrently as members of the City Council of College Station, Texas? And the City's intervention asked the District Court in Travis County to hold that Article XVI, Section 33, of the Texas Constitution is unconstitutional under the U. S. Constitution if Section 33 is interpreted to preclude such persons from receiving warrants on the State Treasury.

In our case the City sought to have determined by means of a class action 1) that a teacher, employee or member of the staff at Texas A. & M. is not an "officer, agent or appointee" under Sec. 33 of Art. XVI of the Texas Constitution and may, at the same time, serve in an elective or appointive position in the city government of the City of College Station without forfeiting his salary as an employee of Texas A. & M., 2) that a teacher, employee or member of the staff at Texas A. & M. while serving as an unpaid councilman of said City or in an unpaid appointive City position does not hold two civil offices of emolument at the same time under Sec. 40, Art. XVI of the Texas Constitution, 3) that if the court should find that teachers, employees or members of the staff at Texas A. & M. are either "officers, agents or appointees" under Sec. 33, Art. XVI of the Texas Constitution, or that said teachers, employees or members of the Staff of Texas A. & M. who serve without pay in an elective or appointive position with the City are holding "two civil offices of Emolument" under Sec. 40, Art. XVI of the Texas Constitution, then those sections as so construed are unconstitutional under the U. S. Constitution as applied to the facts and circumstances of this case.

Section 40 of Article XVI of the Texas Constitution provides:

"No person shall hold or exercise, at the same time, more than one Civil Office of emolument, except that of Justice of Peace, County Commissioner, Notary Public and Postmaster, Officer of the National Guard, the National Guard Reserve, and the Officers Reserve Corps of the United States and enlisted men of the National Guard, the National Guard Reserve, and the Organized Reserves of the United States, and retired officers of the United States Army, Navy, and Marine Corps, and retired warrant officers, and retired enlisted men of the United States Army, Navy, and Marine Corps, unless otherwise specially provided herein. Provided, that nothing in this Constitution shall be construed to prohibit an officer or enlisted man of the National Guard, and the National Guard Reserve, or an officer in the Officers Reserve Corps of the United States, or an enlisted man in the Organized Reserves of the United States, or retired officers of the United States Army, Navy, and Marine Corps, and retired warrant officers, and retired enlisted men of the United States Army, Navy, and Marine Corps, from holding in conjunction with such office any other office or position of honor, trust or profit, under this State or the United States, or from voting at any Election; General, Special or Primary, in this State when otherwise qualified."

█ It appears to us that the essential questions raised by the pleadings in the second case are almost identical to those in the first. The jurisdiction of the Travis

County District Court attached when the first suit was there filed, and that court had power to permit the pleadings to be amplified, new parties to be made and to determine all essential questions. Cleveland v. Ward, supra. Those new matters in issue in our case which were not raised by pleadings filed in the case in the District Court of Travis County and which were the subject of a justiciable, real controversy (and thus not seeking a mere advisory opinion) could have been pleaded in the former suit.

The parties to the two suits were not identical. Mr. A. P. Boyett, Sr., was one of twenty-five plaintiffs in the Travis County suit; in the instant case he was named as a defendant to represent a class of persons who are residents and taxpayers of said City and who have filed the Travis County suit.

Mr. James Dozier, named as a defendant in the Travis County suit, was designated in the instant suit as an elected member of City Council who represents a class of persons who are either teachers, employees or staff members at Texas A. & M., receiving salary from the State of Texas, and who have been or may hereafter be elected to public office in the City.

Mr. D. A. Anderson, named as a defendant in the Travis County suit, is mayor of the City and was named in the instant suit to represent a class of persons who are employed in some capacity at Texas A. & M. and who receive all or part of their salary from sources other than the State Comptroller, and who are elected or appointed to some office in the City.

Neither Mr. H. E. Hierth nor Mr. Edward H. Miller was made a party to the Travis County suit; in the Brazos County (instant) case, Mr. Hierth was named to represent a class of persons who are teachers, employees or members of the staff at Texas A. & M. who have not sought and not been elected to public office in the City, while Mr. Miller was designated as representative of a class of all other residents who are qualified voters in the City and who may also be taxpayers there. Hierth and Miller, as well as Anderson and Dozier, each filed an answer in the instant case merely stating that he entered an appearance and would abide by any judgment the court might make.

We consider the difference in parties between the two suits to be not significant. Neither Mr. Hierth nor Mr. Miller has filed any pleading which asserts any interest in the controversy or raises any issue for the court to determine, so the fact that they are parties in one suit and not in the other is immaterial.

■ Mr. Crawford C. Martin, the Attorney General of Texas was not made a party to the Travis County suit but was joined in the Brazos County one "to represent the interest of the State of Texas." The State Comptroller is a party defendant in the earlier (Travis County) suit but was not made a party in the Brazos County suit, although the City there sought to have determined his constitutional authority to perform his official acts in drawing and paying warrants on the State Treasury. He should have been made a party to the Brazos County suit. Sec. 11, Article 2524–1, Vernon's Ann.Tex.Civ.St., provides: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the Statute, ordinance, or franchise is alleged to be unconstitutional, the Attorney General of the State shall also be served with a copy of the proceeding and be entitled to be heard."

This statute also entitled the Attorney General to be served with a copy of the City's intervention in the Travis County suit and to be heard in that cause.

We conclude that as a practical matter it is of little moment that the later suit is a class action and the earlier one is not. Should the State Comptroller be enjoined from paying salaries to certain persons we have no doubt that he would not later pay state funds to their successors to whom the same constitutional provisions would apply.

Our having sustained the appellants' first points of error makes it unnecessary for us to pass upon their others.

The judgment of the trial court is reversed and the cause is ordered abated.