Bill P. COGDELL, Appellant,

v.

David Martin COGDELL, Jr., et al., Appellees.

No. 4890.

Court of Civil Appeals of Texas, Eastland.

April 29, 1976.

Rehearing Denied May 27, 1976.

Gloria Svanas, Svanas & Svanas, Odessa, for appellant.

Robert Randolph, Law, Snakard, Brown & Gambill, Fort Worth, Gene L. Dulaney, Lawson Stiff, Snyder, James R. Alexander, Lubbock, Beau Boulter and Thomas Morris, Gibson, Ochsner, Adkins, Harlan & Hankins, Amarillo, George Christi, Pope, Hardwicke, Christie & Montgomery, Fort Worth, for appellees.

McCLOUD, Chief Justice.

Plaintiff, Bill P. Cogdell, in Cause No. 11429, in the 132nd Judicial District Court of Scurry County, sued The Fort Worth National Bank, as trustee, under the will of D. M. Cogdell, deceased; David Martin Cogdell, Jr.; William Munsey Cogdell; Jonisue Cogdell Bowden Stiff; Charlotte Cogdell Etgen; and Douglas Campbell Forbes. The cause of action against the bank was transferred to Tarrant County. Plaintiff dismissed as to Etgen and Forbes. In the instant suit, plaintiff sought a declaration that certain transactions were void under Sections 352 and 324 of the Texas Probate Code because the defendants, David Martin Cogdell, Jr., William Munsey Cogdell, and Jonisue Cogdell Bowden Stiff, as Co-Executors of the Estate of D. M. Cogdell, deceased, were guilty of "self-dealing" in leasing or purchasing, directly or indirectly, estate property.

The trial judge, Honorable Wayland G. Holt, dismissed plaintiff's suit and held that Cause No. 9730 which was pending in the 132nd Judicial District Court of Scurry County, at the time plaintiff filed the instant suit and at the time of the hearing, involved the same transactions, parties, and issues as were alleged in Cause No. 11429. Plaintiff, Bill P. Cogdell, has appealed. We affirm.

D. M. Cogdell died on November 15, 1964. His will was admitted to probate on November 30, 1964. David Martin Cogdell, Jr., William Munsey Cogdell, and Jonisue Cogdell Bowden Stiff were appointed Co-Independent Executors and each received certain specific bequests under the will. The testator devised 2/10 of the residuary estate to Fort Worth National Bank as trustee for the Marion P. Cogdell Trust and the Charlotte Cogdell Etgen Trust. Plaintiff, Bill P. Cogdell, is one and the same person as Marion P. Cogdell.

On August 5, 1968, The Fort Worth National Bank as trustee for Bill P. Cogdell and Charlotte Cogdell Etgen filed Cause No. 9730 against the executors, Jonisue Cogdell Bowden Stiff, William Munsey Cogdell, and David Martin Cogdell, Jr., seeking an accounting of the estate and a construction of the will. By amended pleadings, the bank specifically objected to the actions of the executors which "constitute self-dealing in breach of their fiduciary obligations to deal fairly with the beneficial owners of the Estate". Plaintiff, Bill P. Cogdell, filed a cross action in Cause No. 9730, against David Martin Cogdell, Jr., William Munsey Cogdell and Jonisue Cogdell Bowden Stiff, individually and as exec-

utors of the Estate of D. M. Cogdell complaining of "self-dealing" by the executors and breach of fiduciary duty. Plaintiff on November 29, 1973, filed a cross action against The Fort Worth National Bank in Cause No. 9730, alleging breach of fiduciary duty. On January 14, 1974, The Fort Worth National Bank as trustee filed a "Petition for Instructions" requesting the court to instruct it upon whether it should consummate a "conditional settlement" agreement with David Martin Cogdell, Jr., and William Munsey Cogdell, individually and as majority executors. Bill P. Cogdell filed extensive written objections to the settlement agreement. He alleged specifically that the provisions of Article II of the agreement violated Section 352 of the Probate Code.

On May 18, 1974, Honorable J. H. Starley entered judgment approving the settlement. The judgment provided in part:

"It is, therefore, ORDERED, ADJUDGED AND DECREED that:

A. The Fort Worth National Bank, Trustee under the Will of D. M. Cogdell, Deceased, for the benefit of Marion P. Cogdell and for the benefit of Charlotte Cogdell Etgen is instructed to consummate said Settlement Agreement dated December 31, 1973, heretofore conditionally entered into between The Fort Worth National Bank, Individually, and as Trustee under the Will of D. M. Cogdell, Deceased, and D. M. Cogdell, Jr. and W. M. Cogdell, Individually, and as Majority Executors of the Estate of D. M. Cogdell, and said Settlement Agreement is in all things approved as being for the best interest of the Trusts and their beneficiaries.

B. The following proceedings and issues in this Cause No. 9730 are hereby severed from said Cause No. 9730, and same shall be separately docketed as Cause No. 9730-A on the docket of this Court:

1) Trustee's petition, all answers of all parties thereto; and all proceedings in connection therewith;

2) Trustee's objections to the accounting of the Majority Executors, the answer thereto, and all proceedings in connection therewith; and

3) the cross-action of D. M. Cogdell, Jr., and W. M. Cogdell, Individually and as Majority Executors of the Estate of D. M. Cogdell, Deceased, against The Fort Worth National Bank, Trustee and The Fort Worth National Bank in its individual corporate capacity, all answers thereto, and all proceedings in connection therewith.

C. Any cause of action asserted by any beneficiary of the Trusts created under the will of D. M. Cogdell for the benefit of the Marion P. Cogdell Trust and for the benefit of the Charlotte Cogdell Etgen Trust against D. M. Cogdell, Jr. and W. M. Cogdell Individually and as Majority Executors of the Estate of D. M. Cogdell and against the Estate of D. M. Cogdell be held in suspense until the judgment of the District Court instructing the Trustee to execute the Agreement shall become final."

Following the entry of the May 18, 1974 judgment, Bill P. Cogdell attempted to appeal Cause No. 9730. In an unpublished opinion (No. 4731, July 3, 1975), we dismissed the appeal because the order appealed from was not a final appealable judgment. Thereafter, plaintiff filed the instant suit.

The pleadings in Cause No. 11429 and Cause No. 9730, show that the two cases involve the same parties and the same controversy.

The court in *Curtis v. Gibbs,* 511 S.W.2d 263 (Tex.1974) said:

"The general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063 (1926), *Ex parte Lillard,* 159 Tex. 18, 314 S.W.2d 800 (1958). Any subsequent suit involving the same parties and the same controversy must be dismissed if a party to that suit calls the second court's atten-

tion to the pendency of the prior suit by a plea in abatement . . ."

In *Boyett v. City of College Station,* 465 S.W.2d 203 (Tex.Civ.App.—Houston (1st Dist.) 1971, writ ref. n.r.e.), the court noted:

"It is stated at 2 McDonald, Texas Civil Practice (1970) 185, § 7.10:

' * * * When the (court in which the second suit is filed) abates, as it should, the second suit on a timely filed plea, it is not done so much on the grounds of a lack of jurisdiction as on the grounds of comity, vexatious litigation or (the avoidance of) a multipliciy of suits.' "

The rule to be applied when the second suit is filed in the same court is stated in 1 Am.Jur.2d Abatement, Survival, and Revival § 6, as follows:

"Ordinarily, when one action is pending and another is brought between the same parties and for the same cause, it is the second action which abates; where the plaintiff has a complete and effective remedy by either action, the second suit is deemed to be unnecessary and vexatious. The maxim, 'Qui prior est tempore, potior est jure,' generally controls in such cases. Thus where two suits based on the same cause of action are filed in the same court, it is generally held that the second suit, in point of filing and service of summons, is subject to abatement, in the absence of statutory provision to the contrary; where the actions are brought in separate courts, the familiar rule is that the court which first acquires jurisdiction would be permitted to retain it, to save expense to litigants and unnecessary and embarrassing conflicts between courts . . ."

1 C.J.S. Abatement and Revival § 21 provides:

"Except where there is a statutory provision to the contrary, the general rule as to a prior action or suit being ground for the abatement of a later action or suit, applies where both actions or suits are brought in the same court."

Cause No. 11429 involved the same parties and the same controversy as Cause No. 9730. The dismissal was proper.

We have considered all points of error and all are overruled. Judgment of the trial court is affirmed.