In the Matter of the ESTATE of D. M. COGDELL, Deceased.

No. 4929.

Court of Civil Appeals of Texas, Eastland.

Dec. 9, 1976.

Rehearing Denied Jan. 6, 1977.

Gloria Svanas, Svanas & Svanas, Odessa, for appellant.

James R. Alexander, Lubbock, Lawson K. Stiff, Snyder, George Christie, Pope, Hardwicke, Christie & Montgomery, Fort Worth, S. Tom Morris, Amarillo, for appellee.

McCLOUD, Chief Justice.

Bill P. Cogdell, who is one and the same person as Marion P. Cogdell, filed a motion on June 9, 1975, in Cause No. 2422, Estate of D. M. Cogdell, Deceased, County Court of Scurry County, Texas, demanding that the Co-Independent Executors, David Martin Cogdell, Jr., William Munsey Cogdell, and Jonisue Cogdell Stiff, file an accounting in said cause pursuant to Section 149A, Texas Probate Code. Bill P. Cogdell on December 3, 1975, filed a motion to require the Majority Independent Executors, David Martin Cogdell, Jr., and William Munsey Cogdell, to give bond. Jonisue Cogdell Stiff resigned as an executrix on February 20, 1975.

The three independent executors, David Martin Cogdell, Jr., William Munsey Cogdell, and Jonisue Cogdell Stiff, filed pleas in abatement in response to the demand for an accounting. The trial court dismissed and denied the demand for an accounting, and dismissed and denied the motion to require bond. Bill P. Cogdell has appealed. We affirm.

D. M. Cogdell's will was admitted to probate in Cause No. 2422 in the County Court of Scurry County, Texas, on November 30, 1964, and David Martin Cogdell, Jr., William Munsey Cogdell, and Jonisue Cogdell Stiff were appointed independent co-executors. Under the will one-tenth (1/10th) of the residue estate passed to The Fort Worth National Bank as trustee for the Marion P. Cogdell Trust.

An inventory, appraisement and list of claims were filed in Cause No. 2422 and, on July 25, 1967, appellant filed an "Application for Order Requiring Correction of Inventory and List of Claims, Partition and Distribution, and Bond." He took a nonsuit on that application on November 19, 1968.

On August 5, 1968, The Fort Worth National Bank, trustee under the will of D. M. Cogdell, deceased, for the benefit of Marion P. Cogdell filed suit in the District Court of Scurry County, Texas, in Cause No. 9730, seeking construction of the will, an accounting, and distribution of the estate. Appellant, Marion P. Cogdell, was joined as a defendant in that suit and he filed a cross action against the executors, also seeking a construction of the will and an accounting. The majority executors filed accountings in the district court case and both the trustee and appellant filed objections to the accountings.

The record conclusively shows that the complaint of appellant against the executors regarding an accounting was pending in Cause No. 9730 in the District Court of Scurry County, at the time the order was entered in the County Court in Cause No. 2422, dismissing appellant's demand for an accounting.

For a full discussion of the litigation between these parties, we refer to our opinion of this date in Cause No. 4941, *Bill P. Cogdell v. The Fort Worth National Bank, et al.* See also: *In re Estate of Cogdell*, 426

S.W.2d 586 (Tex.Civ.App.-Eastland 1968, writ ref. n.r.e.); *Forbes v. Cogdell,* 452 S.W.2d 568 (Tex.Civ.App.-Eastland 1970, writ granted); *Cogdell v. Williams,* 461 S.W.2d 187 (Tex.Civ.App.-Eastland 1970, no writ); *Stiff v. Fort Worth National Bank,* 486 S.W.2d 859 (Tex.Civ.App.-Eastland 1972, writ ref. n.r.e.); *Cogdell v. Forth Worth National Bank,* 536 S.W.2d 257 (Tex. Civ.App.-Eastland 1976, writ dism'd); *Cogdell v. Cogdell,* 537 S.W.2d 111 (Tex.Civ. App.-Eastland 1976, writ filed); *Cogdell v. Fort Worth National Bank,* 537 S.W.2d 304 (Tex.Civ.App.-Fort Worth 1976, writ filed).

Appellant relies upon Section 149A of the Probate Code which provides in part:

"§ 149A. *Accounting*

*(a) Interested Person May Demand Accounting.* At any time after the expiration of fifteen months from the date a will appointing an independent executor is admitted to probate, any person interested in the estate may demand an accounting from the independent executor. The independent executor shall thereupon furnish to the person or persons making the demand an exhibit in writing, sworn and subscribed by the independent executor, setting forth in detail:

1. The property belonging to the estate which has come into his hands as executor.

2. The disposition that has been made of such property.

3. The debts that have been paid.

4. The debts and expenses, if any, still owing by the estate.

5. The property of the estate, if any, still remaining in his hands.

6. Such other facts as may be necessary to a full and definite understanding of the exact condition of the estate.

7. Such facts, if any, that show why the administration should not be closed and the estate distributed.

Any other interested person shall, upon demand, be entitled to a copy of any exhibit or accounting that has been made by an independent executor in compliance with this section.

*(b) Enforcement of Demand.* Should the independent executor not comply with a demand for an accounting authorized by this section within sixty days after receipt of the demand, *the person making the demand may compel compliance by an action in the probate court or by a suit in the district court.* After a hearing, the court shall enter an order requiring the accounting to be made at such time as it deems proper under the circumstances." (Emphasis added)

Prior to 1971, the Texas statutes contained no provision whereby an independent executor could be compelled to account in the county court. The district court had exclusive jurisdiction of such proceedings. *Jerrard v. McKenzie,* 61 Tex. 40 (1894); *O'Connor v. O'Connor,* 320 S.W.2d 384 (Tex. Civ.App.-Dallas 1959, writ dism'd); *Gonzalez v. Gonzalez,* 309 S.W.2d 111 (Tex.Civ. App.-Fort Worth 1958, no writ); *Toplitsky v. Toplitsky,* 282 S.W.2d 254 (Tex.Civ.App.-Galveston 1955, writ ref. n.r.e.); *Leach v. Leach,* 208 S.W.2d 618 (Tex.Civ.App.-Galveston 1948, writ ref. n.r.e.). In 1971, the Legislature added Section 149A to the Texas Probate Code providing a statutory procedure whereby a person interested in an estate under independent administration could demand an accounting from the independent executor. In 1973, the Legislature further amended Section 149A by adding Subdivision (b) which provides that if the independent executor fails to comply with the demand for an accounting, the person making the demand may compel compliance by action in the probate court or district court. See *Burke v. Satterfield,* 525 S.W.2d 950 (Tex.1975).

Under the 1973 amendment of Section 149A, an action to compel an accounting may be filed either in the county court or district court, but when appellant filed his demand in the instant case in county court, the matter of accounting was in issue in the district court and had been in issue in Cause No. 9730 for many years.

In *Curtis v. Gibbs,* 511 S.W.2d 263 (Tex. 1974), the court said:

"The general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063 (1926), *Ex parte Lillard*, 159 Tex. 18, 314 S.W.2d 800 (1958). Any subsequent suit involving the same parties and the same controversy must be dismissed if a party to that suit calls the second court's attention to the pendency of the prior suit by a plea in abatement . . ."

See also: *Cogdell v. Cogdell*, 537 S.W.2d 111 (Tex.Civ.App.-Eastland 1976, writ filed).

The court acted properly in dismissing appellant's demand for an accounting.

In appellant's second point of error he contends the court erred in dismissing his "motion to require the independent co-executors to post bond for failure to make the accounting required by statute." We have held the court did not err in dismissing appellant's demand for an accounting. The court denied appellant's request that the executors give bond. Appellant has shown no error by the court's denial of his request.

Judgment of the trial court is affirmed.