The STATE of Texas, Appellant,

v.

T. C. BATESON CONSTRUCTION COMPANY et al., Appellees.

No. 6713.

Court of Civil Appeals of Texas, El Paso.

Feb. 15, 1978.

John L. Hill, Atty. Gen., David M. Kendall, First Asst. Atty. Gen., Austin, for appellant.

Elliott, Churchill, Hansen, Dyess & Maxfield, Roger A. Hansen, Gary A. Maxfield, Dallas, for appellees.

## OPINION

OSBORN, Justice.

This appeal is from an order of dismissal in a case in which the trial Court sustained a plea in abatement because of a prior pending suit. We affirm.

The appellee, T. C. Bateson Construction Company, was the prime contractor in the construction of The University of Texas at San Antonio. The original completion date for the last building was May 8, 1974. That building was not completed until January, 1976. As a result of the delayed construction, costs for the subcontractors and the prime contractor increased. Bateson contended that delays resulted from extra work ordered during construction, and that the extra costs should be charged to the State. The University incurred additional charges and costs because of the delay in being able to occupy its buildings.

On August 2, 1976, Bateson filed suit in Travis County against the State and named ten subcontractors as Third-Party Plaintiffs. That suit is still pending. On March 1, 1977, the State filed suit in Bexar County against Bateson and six insurance companies as Sureties. Bateson and the Sureties filed a plea in abatement asserting the existence of the prior suit in Travis County, and sought a dismissal of the suit in Bexar County.

At the hearing on the plea in abatement, the Court admitted into evidence certified copies of the two petitions in the pending suits. The only witness was Mr. George K. Cheves, Executive Vice President of Bateson. He testified concerning the delays in construction, the claims resulting from such delays, and the efforts being made to resolve those claims between the parties. Correspondence was admitted into evidence as to the agreement between the parties as to how they would try to settle the various disputes. Although the State contends that the Plaintiffs in the Travis County suit were making no effort to prepare for trial in that case and thus it should be permitted to proceed with the Bexar County suit, no evidence was presented to support that contention.

Both sides in this case recognize the rule set forth in *Curtis v. Gibbs*, 511 S.W.2d 263 (Tex.1974). In that case, Chief Justice Greenhill, writing for the Court said:

> "The general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063 (1926); *Ex parte Lillard*, 159 Tex. 18, 314 S.W.2d 800 (1958). Any subsequent suit involving the same parties and the same controversy must be dismissed if a party to that suit calls the second court's attention to the pendency of the prior suit by a plea in abatement. * * "

But in this case, the State relies upon the next paragraph of the opinion, where the Court said:

> "There is an exception to the rule of *Cleveland v. Ward* * * *. It has been held that the plaintiff in the first suit may be guilty of such inequitable conduct as will estop him from relying on that suit to abate a subsequent proceeding brought by his adversary. * * * "

The record in this case does not support the application of the exception to the general rule. Seldom does litigation proceed as expeditiously as both parties might like, but in this case, involving a prime

contractor, many subcontractors and millions of dollars, some delay could be expected. The fact that a suit filed in August, 1976, had not proceeded to trial by the time of the plea in abatement hearing in April, 1977, is no reason to believe it cannot and will not be tried within a reasonable time. If the State files a cross-action in the Travis County case, the trial Court can and should see that the rights of all parties are protected and may even order a severance for trial of the State's suit, if that be necessary. Rule 174, Tex.R.Civ.P.

In fact, there exists the possibility that the State's claim may be a compulsory counterclaim under Rule 97, Tex.R.Civ.P., since all claims appear to rise out of the same construction contract. Of course, we do not now decide whether there are other parties whose presence is required and over whom the trial Court cannot acquire jurisdiction in order for Rule 97 to be applicable. Certainly, it should be able to acquire jurisdiction over any surety on a contract being performed in this State. Rule 97 makes the issue of "jurisdiction" and not "venue" controlling.

The State also contends that the plea in abatement should not have been sustained because the Sureties, who were parties to the Bexar County suit, were not parties to the Travis County suit, and their presence was necessary for the State to obtain full relief in its claim against the contractor. Since the Sureties were only secondarily liable, this does not prevent the application of the general rule which requires that the second suit be abated. *Eastland County v. Davisson*, 13 S.W.2d 673 (Tex.Com.App.1929, holding approved); *Tide Water Oil Co. v. Railroad Commission*, 76 S.W.2d 553 (Tex.Civ.App.—Austin 1934, no writ).

It is also contended that the trial Court erred in dismissing the suit in Bexar County rather than abating it pending disposition of the Travis County suit. The language used in *Curtis v. Gibbs*, supra, says that the second case "must be dismissed" where the plea is sustained. This has consistently been the holding of the

Courts of this State in such proceedings. *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063 (1926); *Way v. Coca Cola Bottling Co.*, 119 Tex. 419, 29 S.W.2d 1067 (1930).

The Appellant's two points of error are overruled. The judgment of the trial Court is affirmed.