**Leonard ANDERSON, Appellant,**

v.

**TEXAS GENERAL INDEMNITY COMPANY, Appellee.**

No. 18261.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 27, 1979.

Yarborough & Pope, and Charles D. Yarborough, Bedford, for appellant.

Burford & Ryburn, and Wayne Pearson, Dallas, for appellee.

OPINION

HUGHES, Justice.

Leonard Anderson, an injured employee, appealed from the dismissal of a suit filed by him in Tarrant County to set aside an award of the Industrial Accident Board. The dismissal was based on a prior filed suit instituted by Texas General Indemnity Co., the employer's compensation carrier, in Dallas County which sought to set aside the same award.

We reverse and remand.

 Anderson was injured under circumstances which made the Texas Workers' Compensation Law, Tex.Rev.Civ.Stat.Ann. art. 8306 et seq. (1967), applicable. He filed a claim with the Industrial Accident Board, which duly rendered an award. Neither Anderson nor T.G.I.C., the insurance carrier providing coverage for his employer, was satisfied with the award. Each filed an appropriate suit to set aside the I.A.B. award. T.G.I.C. filed suit first in Dallas County, and Anderson filed suit three weeks later in Tarrant County.

In response to Anderson's Tarrant County suit, T.G.I.C. filed a plea to jurisdiction, a motion to dismiss, and an answer subject to the plea to jurisdiction and the motion to dismiss. The District Court in Tarrant County set a hearing on T.G.I.C.'s motion to dismiss, which was granted. The basis for the dismissal was the previously filed suit instituted by T.G.I.C. in Dallas County. It is from the dismissal of the Tarrant County suit that Anderson appeals.

 Based on the facts and circumstances described above, we hold that the proper action for the trial court in Tarrant County would have been to abate the Tarrant County suit pending the resolution of the suit in Dallas County. *Texas Emp. Ins. Ass'n v. Baeza,* 584 S.W.2d 317 (Tex.Civ. App.—Amarillo 1979, no writ). Since abatement of the suit in Tarrant County was the proper course of action, the trial court erred in dismissing the suit.

We therefore reverse the order of the trial court dismissing the Tarrant County suit. Accordingly, we sustain Anderson's fifth point of error. The cause is remanded to the trial court for further action consistent with this opinion. All other points of error have been severally considered and all are overruled.