**TEXAS AUTOMATIC SPRINKLERS, INC., Appellant,**

v.

**ALBERT STERLING AND ASSOCIATES, INC., Appellee.**

**No. 17721.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 14, 1980.

Rehearing Denied Sept. 11, 1980.

Davenport & Brown, James David Brown, Dallas, for appellant.

James D. Norvell, Abilene, for appellee.

Before EVANS, PEDEN and WARREN, JJ.

EVANS, Justice.

This is an appeal from an order dismissing the defendant's counterclaim which was dismissed on the ground of a prior action pending.

In September 1977 the plaintiff and defendant entered into a contract (the Joy Contract) under which the plaintiff agreed to erect a water storage tank in connection with a sprinkler system being installed by the defendant at the Joy Manufacturing Company in Harris County.

In January 1978 the parties entered into a second contract (the Reed Contract) under which the plaintiff was to erect another water storage tank in connection with a sprinkler system being installed by the defendant at the Reed Tool Company in Fort Bend County.

The plaintiff completed the Joy Contract, but problems arose with respect to the Reed Contract and it was not completed. The plaintiff thereafter filed a mechanics lien in connection with the Reed Contract and brought suit in Fort Bend County to fore-close the mechanics lien. The defendant filed a counterclaim, seeking a declaratory judgment on both contracts and damages for breach of the Reed Contract.

After the institution of the Fort Bend County suit and the filing of the defendant's counterclaim therein, the plaintiff brought this action in Harris County seeking to recover the sum admittedly due and owing to it under the Joy Contract. In response, the defendant filed a counterclaim again asserting as an offset the damages allegedly incurred under the Reed Contract. The plaintiff then filed a motion for summary judgment on its claim in this case and a plea in abatement to the defendant's counterclaim, urging in said plea, as a ground for dismissal, the pending counterclaim earlier filed by the defendant in the Fort Bend County suit.

The trial court entered an interlocutory summary judgment in favor of the plaintiff on its claim and then sustained the plaintiff's plea in abatement to the defendant's counterclaim, dismissing the counterclaim without prejudice. The court then rendered a final summary judgment, from which this appeal is taken.

The defendant contends that the trial court should not have dismissed its counterclaim and instead should have abated its prosecution, retaining the matter on its docket pending final disposition of the Fort Bend County suit. It is the defendant's position that the trial court's summary judgment order remained interlocutory and that the trial court erred in transforming that order into a final judgment.

In support of its position the defendant relies upon *Texas Employers Insurance Association v. Baeza*, 584 S.W.2d 317 (Tex.Civ. App. Amarillo 1979, no writ); *Anderson v. Texas General Indemnity Company*, 592 S.W.2d 432 (Tex.Civ.App. Fort Worth 1979, no writ); and *Foreman v. Prince*, 97 S.W.2d 1002 (Tex.Civ.App. Dallas 1936, no writ). The rationale of these holdings is expressed in *Texas Employers' Insurance Association v. Baeza*, 584 S.W.2d 317, 321:

Further, T.E.I.A. correctly submits that, even were the plea in abatement sustainable, the court erred in dismissing this suit. Admittedly, there are cases holding that the proper order on sustaining a plea in abatement on the ground of a prior pending suit is one of dismissal; but, usually, the holding is coupled with the caveat that the dismissal is to be effective only so long as the cause of abatement continues to exist, and without prejudice to bringing a new suit upon the same set of facts if the cause of action still exists. See, e. g., *Zarsky v. Moss*, 193 S.W.2d 245, 246 (Tex.Civ.App.–San Antonio 1946, no writ). However, facts pleaded in abatement are, as opposed to facts pleaded to bar the action at any time, merely designed to defeat present proceedings. Accordingly, when a plea in abatement is sustained because of the pendency of a prior suit between the same parties involving the same subject matter, the cause should be retained on the docket so that, when the cause of abatement is removed, the suit may be revived if anything remains to be litigated.

In response to the defendant's argument, the plaintiff directs the court's attention to the recent statement of the Texas Supreme Court in *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (1974):

The general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063 (1926), *Ex parte Lillard*, 159 Tex. 18, 314 S.W.2d 800 (1958). Any subsequent suit involving the same parties and the same controversy must be dismissed if a party to that suit calls the second court's attention to the pendency of the prior suit by a plea in abatement. If the second court refuses to sustain a proper plea in abatement, or attempts to interfere with the prior action, this court has the power to act by mandamus or other appropriate writ to settle the conflict of jurisdictions. *Cleveland v. Ward*, supra; *Wheeler v. Williams*, 158 Tex. 383, 312 S.W.2d 221 (1958); *Way & Way v. Coca–Cola Bottling Co.*, 119 Tex. 419, 29 S.W.2d 1067 (1930); *Conn. v. Campbell*, 119 Tex. 82, 24 S.W.2d 813 (1930). (emphasis added)

Several intermediate appellate courts have relied upon the language in *Gibbs*, indicating that the appropriate disposition of the second filed action is an order of dismissal. *State v. T.C. Bateson Construction Company*, 562 S.W.2d 538, 539 (Tex. Civ.App. El Paso 1978, no writ); *Cogdell v. Cogdell*, 537 S.W.2d 111, 113, (Tex.Civ. App.–Eastland 1976, writ ref'd n. r. e.); *In Matter of Estate of D. M. Cogdell*, 544 S.W.2d 830, 832 (Tex.Civ.App.–Eastland 1977, writ ref'd n. r. e.).

Although the actions involved in the case at bar are in the nature of counterclaims, being responsive to the plaintiff's main action, the language of the Texas Supreme Court in *Curtis v. Gibbs*, supra, would appear to be controlling. A counterclaim is in the nature of a separate adversary action by the defendant, and it is, therefore, subject to the same rules of pleading as would be applicable to an original suit brought by the defendant against the plaintiff. *Caudle v. Eliasville State Bank*, 93 S.W.2d 779, 780 (Tex.Civ.App. Fort Worth 1936, no writ). *E. P. Farrow (E.P.) Co. v. United States Nat. Bank of Omaha*, 358 S.W.2d 934, 935 (Tex.Civ.App. Waco 1962, writ ref'd n. r. e.).

It is uncontroverted that the counterclaim filed in the Fort Bend County suit involves the same parties and issues as the subsequently filed counterclaim in the instant suit. The record does not reflect that the trial court erred in ordering the counterclaim dismissed without prejudice and in rendering a final judgment in favor of the plaintiff.

The trial court's judgment is affirmed.