In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-21-00181-CV

_____

IN RE QUADVEST, L.P. AND WOODLAND OAKS UTILITY, L.P.

_____

Original Proceeding
284th District Court of Montgomery County, Texas
Trial Cause No. 20-08-10189-CV

_____

**MEMORANDUM OPINION**

We withdraw our prior opinion and judgment, and we substitute this one in its place. We also overrule Quadvest, L.P.'s and Woodland Oaks Utility, L.P.'s motion for rehearing.

In this original proceeding, Quadvest and Woodland Oaks, as Relators, complain the trial court abused its discretion by denying their

1

pleas in abatement in Trial Court Cause Number 20-08-10189-CV. According to Relators, the trial court violated the doctrine of dominant jurisdiction by failing to grant their plea, which will allow the San Jacinto River Authority to proceed toward trial on its breach of contract claims even though their claims for breach of contract are still pending in Trial Court Cause Number 19-09-12611-CV, a suit they filed against the San Jacinto River Authority (the SJRA) in 2019.

To be sure, the dispute between Relators and the SJRA in the case at issue here, Trial Court Cause Number 20-08-10189-CV, and the earlier suit, Trial Court Cause Number 19-09-12611-CV, involve the very same contracts. But when the SJRA filed the second suit, Trial Court Cause Number 20-08-10189-CV, it could not file its claim as a compulsory counterclaim in Trial Court Cause Number 19-09-12611-CV because that cause number had been stayed automatically by operation of law pending the results of an appeal to resolve whether the trial court properly granted the City of Conroe's and the City of Magnolia's pleas to the

2

jurisdiction based on their claims of governmental immunity to suit in Trial Court Cause Number 19-09-12611-CV.[1]

Consequently, to preserve its legal rights, the SJRA sued Relators for breach of contract in a separate suit, assigned Trial Court Cause Number 20-08-10189-CV. Then, Relators asked the trial court in the second case, Cause Number 20-08-10189-CV to abate that case while the automatic stay in Trial Court Cause Number 19-09-12611-CV was still in effect. The trial court denied the Relators' plea to abate. In this original proceeding, Relators claim the trial court abused its discretion in denying the plea in abatement in Trial Court Cause Number 20-08-10189-CV because the rule of dominant jurisdiction required the trial court to grant rather than deny their plea in abatement since the claims in Trial Court Causes 19-09-12611-CV and 20-08-10189-CV the parties have between each other are intertwined.

---

[1]*See San Jacinto River Auth. v. City of Conroe*, No. 09-20-00180-CV, 2022 WL 1177645, at \*1 (Tex. App.—Beaumont Apr. 21, 2022, no pet. h.) (mem. op.); Tex. Civ. Prac. & Rem. Code. Ann. art. 51.014(b).

3

In response to the petition, the SJRA notes that both Causes 19-09-12611-CV and 20-08-10189-CV are pending before the 284th District Court. For that reason, the SJRA contends the trial court did not abuse its discretion by denying the plea when it refused to apply the doctrine of dominant jurisdiction to Cause Number 20-08-10189-CV.

For the reasons explained below, we conclude that given factual circumstances showing that SJRA was prevented from filing its counterclaim by the operation of an automatic stay, the Relators have not shown the trial court clearly abused its discretion in denying the Relator's plea to abate Trial Court Cause Number 19-09-12611-CV.

Background

In September 2019, Relators sued the SJRA for breaching the parties' written agreements to provide water at agreed rates under groundwater reduction contracts between the parties. The clerk assigned the first suit Trial Court Cause Number 19-09-12611-CV. That suit is still pending before the 284th District Court. Later, Relators amended their petition in Trial Court Cause Number 19-09-12611-CV to add

4

claims for fraud and to rescind the groundwater reduction contracts they signed with the SJRA. The SJRA filed counterclaims in the same cause, asking the trial court to declare the SJRA's rates and fees valid. The SJRA also filed a crossclaim in that cause against the City of Conroe and the City of Magnolia (the Cities), alleging the Cities breached their groundwater reduction contracts with the SJRA.

When the Cities responded to the SJRA's crossclaims, they filed pleas to the jurisdiction and alleged they were immune from the SJRA's suit. Following a hearing, the trial court granted the Cities' pleas. The SJRA challenged the trial court's ruling on the Cities' pleas by filing an accelerated appeal, an appeal heard in this Court. The Ninth Court recently affirmed the trial court's orders granting the pleas to the jurisdiction filed by the City of Conroe and the City of Magnolia.[2]

Shortly after the SJRA appealed, the SJRA sued the Relators in October 2020 in a separate suit, a suit the Montgomery County District Clerk assigned Trial Court Cause Number 20-08-10189-CV. In the

_____

[2]*See San Jacinto River Auth.*, 2022 WL 1177645, at *1.

5

second suit, the SJRA alleged the Relators breached their contracts with the SJRA. In response to the suit, Relators filed pleas in abatement arguing the trial court should abate the case in deference to claims that were filed in Cause Number 19-09-12611-CV, the case involving the claims the Relators filed against the SJRA. But the trial court was aware that all proceedings in Cause Number 19-09-12611-CV had been stayed pending the resolution of governmental immunity issues that didn't involve the Relators in an appeal involving Cause Number 19-09-12611-CV. Even so, Relators pointed out the two suits involved overlapping issues and claims as between Relators and the SJRA since the claims the SJRA had filed in Trial Court Cause Number 20-09-10189-CV were compulsory counterclaims it could have filed against Relators in Cause Number 19-09-12611-CV.

In the trial court, the SJRA opposed the Relators' motion to abate. In part, the SJRA suggested that it should be allowed to proceed with its suit in Trial Court Cause Number 20-09-10189-CV because all claims in Trial Court Cause Number 19-09-12611-CV had been stayed following the SJRA's appeal of the City of Conroe's and City of Magnolia's pleas to

6

the jurisdiction. We note that while Quadvest and Woodland Oaks are parties to Cause Number 19-09-12611-CV, they are not parties to the appeal.[3] We also note that under the Docket Control Order in Cause Number 20-09-10189-CV that the Relators included in the record, the case is not currently scheduled for trial.

The trial court conducted a hearing before ruling on Relators' plea to abate. During the hearing, the SJRA argued that Relators would suffer no prejudice should the court allow the second suit to proceed while awaiting the outcome of the appeal. The SJRA suggested Relators would not be prejudiced because they may still argue the SJRA is the party who breached the contracts in presenting their defenses to the SJRA's breach of contract claims. Relators also complained that by allowing the SJRA to proceed with its suit, the trial court allowed the SJRA to unfairly change its position from that of a defendant in Cause Number 19-09-12611-CV to a plaintiff in Cause Number 20-08-10189-CV. According to

---

[3]*See San Jacinto River Auth*, 2022 WL 1177645, at *9.

Relators, by going forward in the second suit, the trial court is risking having the factfinders reach different results between two suits. In response, the SJRA argues that the chances the outcomes will differ are slight because both cases will be tried before the same judge.

Analysis

Relators argue the law of dominant jurisdiction, a concept described in *In re J.B. Hunt Transport, Inc.*, applies to both suits. In *J.B. Hunt*, the Texas Supreme Court explained "[t]he general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts."[4] Relators contend the claims the SJRA filed in the second suit are inherently interrelated with the claims that Relators filed when, in September 2019, they filed the first suit. Relators conclude that no exceptions to the rule of dominant jurisdiction apply to the second suit.

We disagree with Relators that a question of dominant jurisdiction is created simply when multiple cases involving the same claims and

---

[4]*In re J.B. Hunt Transport, Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding).

parties are pending in the same court and before the same judge. A dominant jurisdiction analysis requires a court to ask three questions:

- does an inherent interrelationship exist between the subject matter of the two suits;
- if so, did the trial court abuse its discretion in denying a party's plea to abate the second suit; and
- if so, is the party that filed the plea to abate entitled to mandamus relief.[5]

The compulsory counterclaim rule guides whether an inherent interrelationship exists between two actions.[6] In part, Rule 97(a) provides:

A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction[.][7]

---

[5]*Id.* at 292.
[6]*Id.*
[7]Tex. R. Civ. P. 97(a).

9

In *J.B. Hunt*, the Texas Supreme Court explained "a counterclaim is compulsory if, in addition to Rule 97(a)'s other requirements, it was not the subject of a pending action when the original suit was commenced."[8]

The SJRA argues that its breach of contract claim, as pleaded, is not a compulsory counterclaim and is not inherently interrelated to the claims Relators filed against it in Cause Number 19-09-12611-CV. That's so, the SJRA argues, because the claims it filed against Relators for nonpayment accrued after Relators sued the SJRA, not before (according to the SJRA). Even so, the SJRA's accrual theory does not avoid the application of the compulsory counterclaim rule, since "[a] claim which either matured or was acquired by the pleader after filing his pleading may be presented as a counterclaim by amended pleading."[9]

We conclude the SJRA's claims for nonpayment—whether they matured or were acquired after Relators sued the SJRA in 2019—are compulsory counterclaims. As compulsory counterclaims, the claims are

---

[8]*In re J.B. Hunt*, 492 S.W.3d at 293.
[9]Tex. R. Civ. P. 97(d).

inherently interrelated to the claims Relators filed against the SJRA over the contracts at issue here.

Second, did the trial court abuse its discretion in denying the pleas to abate Cause Number 20-08-10189-CV, the second suit? Generally, to avoid prejudice, to do justice, and to increase the convenience, trial courts enjoy the inherent right to control their own dockets.[10] Here, as to Relators and the SJRA, the suit filed in 2019 and the suit filed in 2020 are both still pending in the 284th District Court. The record shows that when the SJRA filed its breach of contract claim, it could not file its claim in Cause Number 19-09-12611-CV because that cause was subject to an automatic stay by virtue of an appeal.[11] Moreover, this Court has issued an opinion to resolve that appeal and when (and if) that opinion becomes final, Rule 41 of the Texas Rules of Civil Procedure provides the trial court with the broad flexibility it needs to join the claims Relators and the SJRA have filed in the two causes together and to try them in one

---

[10]*See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001); *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 631 (Tex. 1999).

[11]Tex. Civ. Prac. & Rem. Code. Ann. art. 51.014(b).

action.[12] At this point, we cannot know whether the trial court might order the claims to be tried in Cause Number 19-09-12611-CV or instead in Cause Number 20-08-10189-CV. Stated another way, the trial court has options available to it other than abating the case, as Relators have not shown that abatement under the circumstances is either mandatory or the only a means by which they may protect their right to have the claims of the Relators and the claims of the SJRA heard together in a single action. And Relators have not shown the trial court denied a motion to continue an impending trial setting in Cause Number 20-08-10189-CV, so nothing before us shows the trial court intends to try the claims in Cause Number 20-08-10189-CV before it has the opportunity to consider joining the claims in the two causes together or to consider severing the Relators' claims against the SJRA in Cause Number 19-09-12611-CV and joining them with the claims in Cause Number 20-08-10189-CV.

---

[12]*Id.*; *see F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007).

Last, have the Relators established that no remedy exists by their filing of an ordinary appeal following the appeal from a final judgment? According to the SJRA, the policy reasons for the rule requiring trial courts to defer to an earlier filed case do not exist under the circumstances that exist here. According to the SJRA, no risk exists that either case will be tried in the wrong venue, as both cases are filed in a county of proper venue. And no risk that the SJRA engaged in forum shopping since it filed its suit in the same county where Quadvest and Woodland Oaks suits are filed too, and all the suits are pending before the same judge. Moreover, the SJRA did not race to the courthouse to file its claims and instead waited until they matured. But by then, the SJRA found itself in a case that had been stayed by operation of law while awaiting the outcome of an appeal involving parties other than Quadvest and Woodland Oaks.

In a mandamus proceeding, the party that files the petition must establish the trial court abused its discretion and show the party has no other remedy to correct the trial court's alleged error by filing an ordinary

13

appeal.[13] While the word adequate "has no comprehensive definition[,]" it is no more than "a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts."[14] "We determine whether an adequate appellate remedy exists by weighing the benefits of mandamus review against the detriments."[15] The flexible balancing test differs from the rigidity of the active-interference standard, which is the standard the Texas Supreme Court formerly used but abandoned when addressing orders denying a party's plea in abatement.[16] The *Prudential* "balancing test is necessarily a fact-specific inquiry that resists categorization."[17] To be sure, we recognize that had the trial court violated the principle of dominant jurisdiction in exercising jurisdiction over the second and later-filed case, the Relators' burden is reduced to showing only that the trial court abused its

---

[13]*In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004).

[14]*Id.* at 136.

[15]*In re Academy, Ltd.*, 625 S.W.3d 19, 32 (Tex. 2021) (orig. proceeding).

[16]*In re J.B. Hunt*, 492 S.W.3d at 299.

[17]*In re Prudential*, 148 S.W.3d at 136 (cleaned up).

discretion before they would be entitled to mandamus relief.[18] But here, we conclude the trial court did not violate the principle of dominant jurisdiction since the case where the SJRA counterclaim should have been filed was subject to an automatic stay by operation of law.[19]

Relators argue that on two prior occasions in *Weldon v. Hill*, 678 S.W.2d 268, 277 (Tex. App.—Fort Worth 1984, writ ref'd n.r.e.) and *Cogdell v. Cogdell*, 537 S.W.2d 111 (Tex. Civ. App.—Eastland 1976, writ ref'd n.r.e), our sister courts of appeals have applied the rule of dominant jurisdiction to cases that were filed and pending before the same District Court. As to those cases, neither involved an automatic stay resulting from an appeal like the appeal involved in the proceedings at issue here. Simply put, under the law, the appeal "stay[ed] all other proceedings in the trial court pending resolution of that appeal."[20] Thus, we cannot blame the trial court or the SJRA for the procedural posture that led to the problems the SJRA had filing its claim. Finally, the cases Relators

---

[18]*In re J.B. Hunt*, 492 S.W.3d at 299-300.
[19]Tex. Civ. Prac. & Rem. Code Ann. art. 51.014(b).
[20]*Id.*

15

rely on both involved ordinary appeals from judgments and were not original proceedings in which the party was challenging an ancillary ruling like the ruling that Relators have challenged here.[21]

Generally, the first-filed rule "flows from principles of comity, convenience, and the necessity for an orderly procedure in the trial of contested issues."[22] Yet here, principles of necessity and convenience must give way when an automatic legal stay prevented a party from filing its claim. It does not appear the trial court has decided to try the SJRA's claims separately from the breach of contract claims that Relators filed that are pending in Cause Number 19-09-12611-CV.

While it is our opinion that trying the claims in separate cases would likely constitute error, the question here is whether the trial court has abused its discretion by denying the Relators' plea in abatement. But as we noted, the trial court's denial of the Relators' plea has not resolved

---

[21]*Weldon*, 678 S.W.2d at 270 (noting appeal was taken from a judgment in a suit arising out of and ancillary to a probate matter); *Cogdell*, 537 S.W.2d at 112 (upholding judgment dismissing trial court cause number 11429 because it involved the same transactions, parties, and issues as were alleged in trial court cause number 9730, the first-filed suit).

[22]*In re J.B. Hunt*, 492 S.W.3d at 294.

16

whether the breach of contract claims between the parties will be tried separately or together. For that reason, we conclude Relators have not shown the trial court abused its discretion in denying the plea. Nor have Relators shown they have no adequate remedy based on the trial court's ruling by assigning the error in an ordinary appeal.[23]

We lift the temporary stay we granted in Trial Court Cause Number 20-08-10189-CV. And because the Relators have not shown they are entitled to relief, the petition for mandamus is denied.[24]

PETITION DENIED.

PER CURIAM

Submitted on August 9, 2021
Opinion Delivered June 9, 2022

Before Golemon, C.J., Horton and Johnson, JJ.

---

[23]*See In re Prudential*, 148 S.W.3d at 136 (noting that a petitioner must "show that it has no adequate remedy by appeal").
[24]*See* Tex. R. App. P. 52.8(a).