## TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellant,

v.

## Juan G. BAEZA, Appellee.

### No. 9025.

Court of Civil Appeals of Texas, Amarillo.

May 31, 1979.

Logan Ford, Dallas, for appellant.

Burnett & Ahders Associated, Warren Burnett, Odessa, for appellee.

REYNOLDS, Justice.

Sustaining a plea in abatement grounded on the pendency of a prior suit, the trial court dismissed this suit. Under the record, the actions were erroneous. Reversed and rendered.

Juan G. Baeza sustained an injury in Midland County on 1 November 1968 in the course of his employment. By a 30 March 1978 order in its Cause No. H--007696, the Industrial Accident Board ordered the compensation carrier, Texas Employers Insurance Association, to pay Baeza $35 per week for 401 weeks for total and permanent incapacity, specially finding that payments of compensation have matured in the sum of $14,035.

Texas Employers Insurance Association timely gave notice of its unwillingness to abide by the Board's award and, on 6 April 1978, filed this suit in a district court of Dallas County to set aside the award. T.E.I.A. alleged in its petition that the suit was filed in the county where the alleged injuries were sustained.

Before answering with a general denial, Baeza interposed on 17 April 1978 an unsworn plea in abatement containing the following allegations and prayer:

### I.

There is on file in the District Court of Ector County, Texas, a lawsuit styled Juan G. Baeza vs. Texas Employers Insurance Association, Cause No. A–51,954, 70th Judicial District. Said cause of action being filed on April 5, 1978.

### II.

Defendant herein, Juan G. Baeza, has a right to try his suit in the county of his residence, Ector County. His lawsuit was filed on April 5, 1978. One day prior to the lawsuit herein.

Wherefore, premises considered, this Court should abate the trial of this cause pending the trial of the lawsuit in Ector County, Texas.

Accompanying Baeza's plea were unverified copies of a petition and a signed receipt. The petition is numbered A–51,954 in the District Court of Ector County, 70th Judicial District, and styled Juan G. Baeza vs. Texas Employers Insurance Association. Allegations in the petition are that while employed in Ector County on 1 November 1968, Baeza was injured and that he has complied with all jurisdictional requisites to perfect this appeal from the Board's final decision in its Cause No. H–007696. Based on his allegations, Baeza seeks compensation of $35 per week for 401 weeks payable in a lump sum ($14,035). The petition carries no date, but the receipt is dated 5 April 1978 and is for a deposit of $56 made by Baeza's attorney with the district clerk of Ector County in Cause No. A–51,954, styled Baeza vs. T.E.I.A.

T.E.I.A. moved to strike the plea because (1) it was not verified; and (2) Baeza had received all he was entitled to from the Board's award and, consequently, he had filed his suit to obtain priority without a bona fide intention to prosecute it. Baeza then filed his amended, verified plea in abatement, without attachments, alleging the same matters contained in his original plea.

When the matters came on for a 30 June 1978 hearing, T.E.I.A. offered the instruments designated above, except for the amended, verified plea in abatement, and they were "admitted into evidence for the purposes of this hearing on the [T.E.I.A.'s] motion to strike." T.E.I.A. then introduced the record from prior litigation in Dallas County between the parties over an earlier award of the Board regarding the same injury. No other evidence was introduced.

The trial court rendered judgment sustaining the plea in abatement and dismissing T.E.I.A.'s suit. This appeal resulted.

T.E.I.A. initially charges the trial court with error in not striking Baeza's plea in abatement. T.E.I.A. theorizes that Baeza could not be aggrieved by the Board's decision which awarded him a lump sum payment of the maximum compensation to which he was entitled under the law and, hence, Baeza's Ector County suit was fraudulently filed without a bona fide intention to prosecute it in an attempt to deny T.E.I.A. access to the Dallas County court.

■■■ Implicit in T.E.I.A.'s accusation that Baeza raced to the Ector County courthouse to deny T.E.I.A. access to the Dallas County court is the recognition that each district court had potential jurisdiction of the suit to set aside the Board's award.[1] If Baeza's suit was first filed and is pending in a district court of Ector County, a court of competent jurisdiction over the subject matter with the power to bring all necessary parties before it, that court acquired the prior right to exercise active jurisdiction of the cause, and no other state court in which such a suit is subsequently filed has the right to interfere, unless, as T.E.I.A. alleges, Baeza is guilty of conduct which estops him from asserting the active jurisdiction of the Ector County court. *V. D. Anderson Co. v. Young*, 128 Tex. 631, 101 S.W.2d 798, 800 (1937).

■■■ The core of the conduct complained of is that Baeza filed his suit without a bona fide intention to prosecute it. A requisite for the commencement of a suit is the plaintiff's bona fide intention to prosecute it, but this is a question of fact which must be determined by the trial court and not by the appellate court. *Russell v. Taylor*, 121 Tex. 450, 49 S.W.2d 733, 737–38 (1932). No evidence was presented to the trial court on the fact issue of Baeza's intent in filing his suit. Absent evidence of the conduct which was the basis of T.E.I.A.'s motion to strike, the court did not err in failing to strike Baeza's plea in abatement.

■■■ Next, T.E.I.A. contends that it was error to sustain the plea in abatement because Baeza waived it by failing to prove

---

1. By its original provisions, Tex.Rev.Civ.Stat. Ann. art. 8307, § 5, required the suit to set aside an award to be filed in a "court of competent jurisdiction in the county where the injury occurred"; so, if the suit was filed in any other county, the court had no jurisdiction except to dismiss. *Oilmen's Reciprocal Ass'n v. Franklin*, 116 Tex. 59, 286 S.W. 195, 196–97 (1926).

In 1931, the legislature enacted Tex.Rev.Civ. Stat.Ann. art 8307a to provide that if the suit was not brought in the county where the injury occurred, "the Court in which the same is filed shall, upon ascertaining that it does not have jurisdiction to render judgment upon the merits, transfer the case to the proper Court in the county where the injury occurred." This enactment operates to recognize and confer potential jurisdiction of the subject matter in courts, otherwise competent to exercise jurisdiction over the subject matter, outside the county where the injury occurred. *Federal Underwriters Exchange v. Pugh*, 141 Tex. 539, 174 S.W.2d 598, 600 (1943).

At the time the Board made its 1978 decision, Tex.Rev.Civ.Stat.Ann. art. 8307, § 5 (Vernon Supp. 1978–79), had been amended, effective 29 August 1977, to provide in part:

Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred, or in the county where the employee resided at the time the injury occurred (or, if such employee is deceased, then in the county where the employee resided at the time of his death), to set aside the final ruling and decision . . . .

However, Tex.Rev.Civ.Stat.Ann. art. 8307a has not been amended.

any of the elements of the pendency of a prior suit. In this connection, a plea in abatement grounded on the pendency of a prior suit is predicated upon a state of facts which must be seasonably alleged and proved; and, unless this is done, the subsequent suit is not abated. *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063, 1072 (1926). Those essential facts are the present pendency of a prior suit between the parties in which the same subject matter is, or issues are, involved and determinable. *Cleveland v. Ward, supra*, 285 S.W. at 1070. The burden remains on the defendant to prove the allegations in his plea in abatement, *Flowers v. Steelcraft Corporation*, 406 S.W.2d 199 (Tex.1966), even though his plea is verified. *Railroad Commission v. Shell Oil Co.*, 164 S.W.2d 773, 774 (Tex.Civ.App.—Austin 1942, writ ref'd).

■ As reflected by the record, Baeza offered no proof of the allegations in his plea at the 30 June 1978 hearing. Baeza's original plea in abatement with the accompanying petition and receipt were admitted in evidence, not in support of the plea in abatement but for the purposes of T.E.I.A.'s motion to strike. If it reasonably can be argued that the record from the Ector County court was before the trial court for all purposes,[2] the most that it shows is the pendency of a prior suit on 17 April 1978, some two and one-half months before the hearing on the plea. The instruments do not prove, and there is no other evidence to show, that the prior suit was pending when the plea in abatement was heard. There being no proof independent of the plea itself of the pendency of the prior suit at the hearing on the merits of the plea in abatement, the defendant failed to discharge his burden of proof and, thereby, is not entitled to have his plea sustained. *Street v. J. I. Case Threshing Mach. Co.*, 188 S.W. 725, 728 (Tex.Civ.App.—Amarillo 1916, writ ref'd). *Accord, Rosenfield v. Childs*, 304 S.W.2d 391, 393 (Tex.Civ.App.—Texarkana 1957, no writ); *Montague County v. White*, 241 S.W. 740, 741 (Tex.Civ.App.—Fort Worth 1922, writ dism'd).

■ Further, T.E.I.A. correctly submits that, even were the plea in abatement sustainable, the court erred in dismissing this suit. Admittedly, there are cases holding that the proper order on sustaining a plea in abatement on the ground of a prior pending suit is one of dismissal; but, usually, the holding is coupled with the caveat that the dismissal is to be effective only so long as the cause of abatement continues to exist, and without prejudice to bringing a new suit upon the same set of facts if the cause of action still exists. *See, e. g., Zarsky v. Moss*, 193 S.W.2d 245, 246 (Tex.Civ.App.—San Antonio 1946, no writ). However, facts pleaded in abatement are, as opposed to facts pleaded to bar the action at any time, merely designed to defeat present proceedings. Accordingly, when a plea in abatement is sustained because of the pendency of a prior suit between the same parties involving the same subject matter, the cause should be retained on the docket so that, when the cause of abatement is removed, the suit may be revived if anything remains to be litigated. *Haney v. Temple Trust Co.*, 55 S.W.2d 891, 893–94 (Tex.Civ.App.—Austin 1932, writ dism'd); *Forman v. Prince*, 97 S.W.2d 1002, 1005 (Tex.Civ.App.—Dallas 1936, no writ). *Accord, Beyersdorff v. Spillar*, 224 S.W.2d 272, 273 (Tex.Civ.App.—San Antonio 1949, no writ). This principle is particularly applicable where, as here, the dismissal would foreclose the refiling of this suit because of the mandatory time in which the suit must be filed. Tex.Rev.Civ.Stat.Ann. art. 8307, § 5 (Vernon Supp.1978–79).

■ Moreover, Baeza only prayed that T.E.I.A.'s suit be abated, not that it be dismissed. Though mere matter of form is seldom controlling, yet where one asks for a specific relief which is consistent with his pleadings and there is no general prayer for relief, the special prayer must be regarded as evidencing the object of the plea and

---

2. *See Payne v. Benham*, 16 Tex. 364, 367 (1856), for the statement that the truth of the plea for abatement of the present suit because of the pendency of a prior suit between the same parties involving the same subject matter is tried by the record in the prior suit.

ordinarily will not entitle one to a judgment different from that for which he has prayed. *See Hogan v. Kellum*, 13 Tex. 396, 399–400 (1855).

The judgment of the trial court is reversed, and judgment is here rendered overruling the plea in abatement and ordering this suit reinstated upon the docket of the district court of Dallas County. Tex.R. Civ.P. 434.