**Niels-Alf SVENSEN, Appellant,**

v.

**Joyce Abb SVENSEN, Appellee.**

**No. 20753.**

Court of Appeals of Texas,
Dallas.

Dec. 14, 1981.

John Gillis, Dallas, for appellant.

John J. Diggins, Dallas, for appellee.

Before GUITTARD, C. J., and STOREY and VANCE, JJ.

STOREY, Justice.

This appeal is from a trial court's order dismissing an action for divorce on the ground that the petitioner had not, at the time of filing suit or at the time of hearing of respondent's plea in abatement, satisfied the residency requirements of Tex.Fam. Code Ann. § 3.21 (Vernon 1975). We reverse and remand.

The parties stipulated that the husband established his residency in Dallas County on March 2, 1980, and that prior to that time, they maintained their residence in Irvine, California. The husband filed suit for divorce against his wife on June 4, 1980, about three months after establishing residence in Texas. The wife answered by special appearance under Tex.R.Civ.P. 120a alleging that the court lacked jurisdiction of her person and property because (1) she was not amenable to process under Tex.Fam. Code Ann. § 3.26 and (2) the husband had not satisfied the residency requirements of

Tex.Fam.Code Ann. § 3.21. She prayed the court to order that her "person and property are not amenable to process issued by the courts of this state."

On August 28, 1980, about 5 days before the six-month residency requirement of § 3.21 had been met, a hearing was held on the wife's special appearance. Judgment was entered denying the wife's special appearance under § 3.26, sustaining the special appearance under § 3.21, and dismissing the husband's petition.

Upon completion of the residency requirement, the husband, by timely motion for new trial, offered an amended petition claiming satisfaction of the statutory residence requirement. The court overruled the motion, refusing to reinstate the suit. The husband contests the action of the trial court in dismissing rather than in abating the suit.

■■■ The wife is mistaken in couching her complaint as to the non-fulfillment of the residency requirement in terms of jurisdiction. The residency requirement is not jurisdictional, but goes to the qualifications that must be met before a court may grant a divorce. *E.g., Aucutt v. Aucutt*, 122 Tex. 518, 62 S.W.2d 77 (1933); *Skubal v. Skubal*, 584 S.W.2d 45 (Tex.Civ.App.—San Antonio 1979, writ dism'd). Hence, a petition that fails to allege the completion of the residency requirement may be attacked by plea in abatement as premature. *Therwhanger v. Therwhanger*, 175 S.W.2d 704 (Tex.Civ.App. —Eastland 1943, no writ). *Cf. Tinnin v. Weatherford*, Dallam 590 (1844), *and* Note, 14 Texas L.Rev. 414 (1936) (distinction between pleas in bar and in abatement). Here, it appears that the trial court treated the second ground of the wife's plea to the jurisdiction as a plea in abatement. Our question, therefore, is whether a case may be dismissed upon the sustaining of a plea in abatement.

■■■ The Amarillo court has held that in a worker's compensation case the proper remedy in sustaining a plea in abatement is not to dismiss but to retain the case on the docket, so that when the impediment to prosecution of the suit is removed it may be revived. *Texas Employers Insurance Association v. Baeza*, 584 S.W.2d 317, 321 (Tex. Civ.App.—Amarillo 1979, no writ). We cannot discern why there should be any difference between the remedies to be applied in sustaining a plea in abatement in a worker's compensation case and in a divorce case. We approve of the court's reasoning on this point in *Baeza*, and hold that here the court erred in dismissing the suit upon sustaining the plea in abatement rather than retaining it suspended upon the docket. Because the trial court erred in dismissing the suit rather than holding it suspended on the docket, it was error to refuse to reinstate the case on motion for new trial when amended pleadings had been filed alleging, consistent with the earlier stipulation as to residency, that the residency requirement had been satisfied.

Reversed and remanded for reinstatement and trial on the merits.

GUITTARD, C. J., dissenting.

GUITTARD, Chief Justice, dissenting.

I cannot agree that dismissal of a prematurely filed divorce suit is reversible error, or that such a suit must be reinstated when the residence requirement has been met. I conclude rather that in the absence of extraordinary circumstances the trial court has a measure of discretion which, in this case, has not been shown to have been abused.

Ordinarily, if a plea in abatement can be promptly cured by an amendment, as by adding a necessary party, the suit should not be dismissed without allowing the plaintiff a reasonable time to cure the defect. *Luloc Oil Co. v. Caldwell County*, 601 S.W.2d 789 (Tex.Civ.App.—Beaumont 1980 —writ ref'd n. r. e.); *Piper v. Estate of Thompson*, 546 S.W.2d 341 (Tex.Civ.App.— Dallas 1976, no writ). On the other hand, if the defect cannot be so readily cured, dismissal may be proper. Thus it has been held that when the grounds of abatement is pendency of another suit, the proper order is dismissal without prejudice to any suit filed after the ground of abatement is re-

moved. *Chem. Gas Engineers, Inc. v. Texas Asphalt & Refining Co.*, 395 S.W.2d 690 (Tex.Civ.App.—Waco 1965, writ ref'd n. r. e.). Even in cases supporting suspension rather than dismissal of the abated litigation pending disposition of the earlier suit, the proper order is treated as a matter within the court's discretion. *Honey v. Temple Trust Co.*, 55 S.W.2d 891, 893–94 (Tex.Civ.App.—Austin 1932, writ dism'd); *Long v. Long*, 269 S.W.2d 207, 210 (Tex.Civ.App.—Dallas 1925, no writ). On the other hand, the court may not have discretion to dismiss rather than suspend if the plaintiff's rights cannot be preserved by filing a new suit when the impediment has been removed. This rationale seems to be the basis of the principal decision relied on by the majority, *Texas Employers Ins. Ass'n v. Baeza*, 584 S.W.2d 317, 321 (Tex.Civ.App.—Amarillo 1979).

I have found no authority supporting the view that dismissal is improper when the suit is premature. The Supreme Court has held that in a suit on an insurance policy, failure of the insured to comply with a condition precedent to suit, if pleaded in abatement, is not ground for denial of the claim, but rather is ground for dismissing the suit as premature. *Philadelphia Underwriters' Agency v. Driggers*, 111 Tex. 392, 238 S.W. 633 (1922); *Humphrey v. National Fire Ins. Co.*, 231 S.W. 750 (Tex.Comm'n App.1921, judgmt. adopted). *See also Weatherly v. Pena*, 335 S.W.2d 434 (Tex.Civ.App.—San Antonio 1960) (dismissal of premature suit on judgment which had been set aside). The present suit was premature at best because plaintiff lacked the statutory qualifications to maintain it. Admittedly, plaintiff had not satisfied the residence requirement when the suit was filed or when it was dismissed. Only subsequent developments could determine whether he would ever satisfy that requirement by residing in Texas for the statutory period. Since plaintiff lacked the statutory qualifications to maintain the suit, it seems to me that he had no right to insist that it be retained on the docket; therefore, he had no right to complain of the dismissal. The situation might be different if plaintiff could not have filed a new suit when the residence requirement was satisfied, or if he had alleged extraordinary circumstances justifying the premature filing such as a need for urgent temporary relief. No such circumstances were alleged.

Since, in my view, the original dismissal was proper, the motion to reinstate was a matter addressed to the court's discretion even though, when that motion was presented, an amended petition alleging compliance with the residence requirement had been filed. Neither the amended petition nor the motion to reinstate alleges any justification for the premature filing. Nor does plaintiff assert that he will be prejudiced if required to file a new suit. Consequently, no abuse of discretion is shown. I would affirm the order of dismissal.