**J.W. ANDREWS, Jr., Appellant,**

v.

**UTICA MUTUAL INSURANCE CO., Appellee.**

**No. 01-81-0875-CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 9, 1982.

Rehearing Denied Dec. 30, 1982.

Gene Hagood, Alvin, for appellant.

Mark Price, Houston, for appellee.

Before DUGGAN, DOYLE and DYESS, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from an interlocutory judgment in a worker's compensation suit, overruling appellant's plea of privilege to be sued in the county of his residence.

The situation presented is the inevitable result of the "race to the courthouse" scenario built into Texas worker's compensation practice by the adoption of Article 8307, Section 5, V.A.T.S. (hereafter "the Act"). Before the August 29, 1977 effective date of the Act's amendment, an appeal from an award made by the Industrial Accident Board (hereafter "the Board") could be made by either party by filing suit in the district court of the county where the

injury occurred. The Act's 1977 amendment authorized either party to appeal the award by filing suit *either* in the county where the injury occurred *or* in the county where the employee resided at the time the injury occurred. Glaringly missing from the amended Act is any statement of venue priority. No provision of the Act states which court should try the matter when worker and insurance carrier both appeal the same award to courts in different counties.

Appellant, J.W. Andrews, Jr., a resident of Brazoria County, Texas, filed with the Board his claim alleging injuries sustained on or about January 9, 1981, while working in the course and scope of his employment in Harris County, Texas.

Following the Board's decision and award, both appellant and appellee, Utica Mutual Insurance Company, the compensation carrier, gave the statutorily required notice and appealed by filing suits on the same day in different counties. Appellant filed Cause No. 81–F1551, styled "*J.W. Andrews, Jr. v. Utica Mutual Insurance Company,*" in the 149th District Court of Brazoria County, the county of his residence, and appellee filed Cause No. 81–29123, styled "*Utica Mutual Insurance Company v. J.W. Andrews, Jr.*" in the 152nd District Court of Harris County, the county where the injury occurred.

Each suit was filed June 12, 1981, and each party responded to the other's petition with a plea of privilege, after which each filed an appropriate controverting affidavit.

Subject to his plea of privilege, appellant also filed in the instant case his (1) motion to dismiss or, alternatively, to transfer appellee's cause to Brazoria County, and (2) his answer and cross-action against appellee. Subject to its plea of privilege, appellee filed in the Brazoria County action its (1) motion to dismiss or, in the alternative, plea in abatement, (2) motion to transfer, and (3) original answer.

After a hearing, the Harris County district court denied appellant's plea of privilege. On appeal appellant urges two points of error.

By his first point of error, appellant asserts that the trial court erred in overruling his plea of privilege because, as a matter of law, the undisputed testimony of a law clerk for appellant's counsel showed the Brazoria County suit to have been filed first in time.

The trial court entered findings of fact as follows: (1) that the alleged injury occurred in Harris County; (2) that appellant is a resident of Brazoria County; (3) that the appellee carrier filed suit in Harris County on June 12, 1981; (4) that the appellant worker filed suit in Brazoria County on June 12, 1981; and (5) that appellant filed his answer in the Harris County suit before appellee filed its answer to the Brazoria County suit.

The Court made no finding as to the time of day of the filing of either suit, although appellant filed a request pursuant to Rule 298, Tex.R.Civ.Pro., that the court make amended findings that the Brazoria County case was filed "at least ten to fifteen minutes" prior to the Harris County suit.

As a conclusion of law, the trial court found that the appellant worker had no exclusive right to have suit brought in his county of residence since, under Art. 8307, Section 5, venue is proper in either the county of the worker's residence or the county where the injury occurred, and the case before the court was in one of the two statutorily prescribed counties.

■ Under the theory of this conclusion of law, which literally applies Section 5 of Article 8307, and incorporates no additional factors such as a determination of time of filing of the two suits, a plea of privilege by appellee in appellant's Brazoria County suit would have equally been overruled, since it was also filed in one of the two prescribed counties. The harsh lesson from this conclusion would appear to be that "That party *loses* whose plea of privilege is heard *first.*" However, decisions concerning venue disputes in Board award appeals must be made by the trial courts, and authority is well-established that the filing of a plea of privilege is the proper procedure for contesting

venue in a worker's compensation case. *Texas Highway Department v. Jarrell,* 418 S.W.2d 486 (Tex.1967); *Reyes v. Texas Employers' Insurance Association,* 581 S.W.2d 268 (Tex.Civ.App.—Waco 1979, writ dism'd); *Texas Employers' Insurance Association v. Ellis,* 543 S.W.2d 397 (Tex.Civ. App.—El Paso 1976, no writ).

To properly resolve appellant's point of error, we must first determine whether, between suits appealing the Board's award to courts in each of the statutorily authorized counties, appellant's filing "first in time" entitles him to prevail on a plea of privilege.

Both parties agree in their briefs and arguments that a filing "first in time" establishes venue. Appellee urges that the evidence supports this finding in its favor and the court's judgment for it. However, the trial court's findings of facts and conclusions of law, mentioned above, coupled with the court's refusal to make findings as to the exact time of filing in either case, indicates that the court applied a theory that time of filing was irrelevant in this venue contest, since the suit in question was indisputedly filed in one of the two statutorily mandated counties.

Since the statute makes neither a statement of priority nor a listing of criteria by which to determine precedence between suits appealing the same Board award, we must conclude that the Legislature intended the issue to be resolved by reference to existing general law.

■■■ Courts have concurrent or coordinate jurisdiction when each has the power, under the same facts and conditions, to determine and enforce the rights of litigants. *United Services Life Insurance Co. v. Delaney,* 396 S.W.2d 855 (Tex.1965). The existence of such concurrent or coordinate jurisdiction necessarily requires limitations on its exercise. The principal limitation is the concept of "dominant jurisdiction." As stated in 16 Tex.Jur.3d § 75,

> Essential to the due and orderly administration of justice is the principle that the court that first obtains jurisdiction over the subject matter of a controversy should not be hindered, in adjudication of the rights involved, by suits as to the same matter subsequently commenced in a court of concurrent jurisdiction. The court in which the suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. (Footnote cite: *Curtis v. Gibbs,* 511 S.W.2d 263 (Tex.1974).)

The case of *Texas Employers' Insurance Association v. Baeza,* 584 S.W.2d 317 (Tex. Civ.App.—Amarillo 1979, no writ) involved the attempted use of a plea in abatement, instead of a plea of privilege, to assert the priority of a suit. While the appellant's plea failed for lack of proof, Chief Justice Reynolds assumed, based on general precedent, that the doctrine of dominant jurisdiction was applicable to venue disputes under Art. 8307, Section 5, as currently amended, when he stated:

> Implicit in T.E.I.A.'s accusation that Baeza raced to the Ector County (his county of residence) courthouse to deny T.E.I.A. access to the Dallas County court is the recognition that each district court had potential jurisdiction of the suit to set aside the Board's award. *If Baeza's suit was first filed and is pending in a district court of Ector County, a court of competent jurisdiction over the subject matter with the power to bring all necessary parties before it, that court acquired the prior right to exercise active jurisdiction of the cause, and no other state court in which a suit was subsequently filed has the right to interfere* . . . . *V.D. Anderson Co. v. Young,* 128 Tex. 631, 101 S.W.2d 798, 800 (1937). (emphasis added)

584 S.W.2d at 320.

In the instant case, despite the presentation of evidence by both parties sufficient to create a fact issue, no finding of fact was made by the trial court as to the respective *times* of filing by each party. Appellant specifically requested that the court amend its findings of fact to include a finding that he filed his Brazoria County lawsuit at least 10 to 15 minutes prior to appellee's Harris County filing. The trial court declined to

do so, under the authority of Rule 298, Tex.Rules Civ.Proc., and appellant has not brought forward that failure by the trial court as a point of error for our review.

Nevertheless, we conclude from reviewing the findings of fact and conclusions of law that the trial court applied a wrong theory of law in determining the merits of appellant's plea of privilege. Because we interpret Art. 8307, Section 5 to incorporate existing general law concerning priority of active jurisdiction between appeals of the same Board award to different courts, the fact question of "first in time" is a material and controlling issue that should have been determined by the court, as requested by appellant.

Having concluded as a matter of law that the correct question before the court should have been a determination of the respective filing times of the two suits, we now turn to the fact issue of the times of the filings and the adequacy of the record for that determination.

At the onset, we are confronted with appellant's argument that he established his priority in filing *as a matter of law*. He correctly notes that appellee conclusively established the filing time of the Harris County suit, via the clerk's filing stamp, to have been 10:56 a.m., on June 12, 1981. He also correctly recites that at the hearing the law clerk testified without contradiction to having filed the petition for appellant in Brazoria County at approximately 10:45 a.m., on the same day, approximately ten minutes prior to the Harris County filing. No objection was made to this testimony under the interested witness rule, or for any other reason, nor was the witness impeached or his testimony contradicted or disproved in any manner. Rather, appellee contends that this testimony merely raised a fact question which the trial court, in determining the credibility and weight to be given the testimony, found in appellee's favor. This, however, is erroneous, because the trial court did *not* determine the issue of filing time, and thus did not properly utilize the testimony beyond establishing that there was a filing *per se.*

As stated in *Collora v. Navarro,* 574 S.W.2d 65 (Tex.1978), the rule is that evidence given by an interested witness generally only raises an issue of credibility for the trier of fact. However, an exception exists where the testimony

pertains to matters reasonably capable of exact statement, and is clear, direct and positive, is internally devoid of inconsistencies and contradictions and is uncontradicted either by the testimony of other witnesses or by circumstances ___ in short, when there is nothing to cause any reasonable suspicion as to its truth. (citation omitted)

574 S.W.2d at 69. This exception is especially appropriate where the opposing party has the means and opportunity to disprove the testimony or impeach the witness, but fails to so do. The appellate court has great latitude in applying the exception as may be required on a case-by-case analysis. *Collora.*

Under the authority of *Anchor Casualty Company v. Bowers,* 393 S.W.2d 168 (Tex.1965) and *Cochran v. Wool Growers Central Storage Company,* 140 Tex. 184, 166 S.W.2d 904 (Tex.1942), we hold that appellant established as a matter of law his priority in filing to that of appellee. The trial court erred in overruling the plea of privilege. Appellant's first point of error is sustained.

By his second point of error, appellant argues that the court erred in overruling his plea of privilege because his filing of a cross-action was "subject to" his plea of privilege, and thus did not waive the latter. Appellant's argument that reversible error occurred is not borne out by the record, because the trial court neither found, nor was requested to find, that appellant's cross-action constituted a waiver. The record does not show that such argument was given any consideration by the trial court in reaching its decision. Regardless, this Court has previously ruled that a counterclaim filed subject to a plea of privilege does not, as a matter of law, constitute a waiver of the plea of privilege. *Gonzales v.*

*Blake,* 605 S.W.2d 634 (Tex.Civ.App.—Houston [1st Dist.] 1980, n.w.h.). Appellant's second point of error is overruled.

The cause is reversed and remanded to the trial court with instructions to the trial court to transfer this cause to Brazoria County.

DYESS, J., not participating in opinion.