TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

Alfonso ALVAREZ, Appellee.

No. 08–82–00277–CV.

Court of Appeals of Texas, El Paso.

July 20, 1983.

**216**

Jim Moseley, Shafer, Gilliland, Davis, McCollum & Ashley, Inc., Odessa, for appellant.

Steven L. Clack, Childs & Bishop Law Offices, Inc., Odessa, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This appeal is from a sustaining of a plea in abatement. It involves the question of priority of two appeals from a ruling of the Industrial Accident Board filed in different courts. We reverse and order the case reinstated on the basis that it was filed first in time.

Article 8307, sec. 5, Tex.Rev.Civ.Stat. Ann. (Vernon Supp.1982) as amended and effective August 29, 1977, authorizes either party to appeal an award of the Industrial Accident Board by filing a suit in either the county of the employee's residence at the time of the accident or in the county where the injury occurred. In this case, it is agreed that the employee was a resident of Ector County and the injury occurred in Crane County.

The IAB made its award on April 14, 1982, and the employee's appeal was filed in Crane County with the clerk's file mark "April 15, 1982 9:00 A.M." The insurer's appeal was filed in Ector County with the clerk's file mark of "April 15, 1982, 8:12 A.M." The employee's pleading was hand delivered to the Crane County Clerk. The insurer's attorney addressed a letter to the Ector County Clerk enclosing its petition with a check for filing costs and saying, "I am enclosing herewith an original and one copy of Plaintiff's Original Petition which I ask that you *not file* at this time but simply *hold* until notified by my office to file the case." (Emphasis that of the attorney) The petition contained a blank space for the date of the Board's ruling and the clerk was told that she would be given that date to fill-in when she was called to file the petition.

The employee's plea in abatement contended that the petition was prematurely filed and therefore the court did not have jurisdiction. The parties agree that a prematurely filed petition to set aside an award of the Industrial Accident Board does not confer jurisdiction in the district court. *Garcia v. TEIA,* 597 S.W.2d 519 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). Our conclusion is that the case was not prematurely filed.

If we are correct in the above conclusion that the filing time of 8:12 A.M. on the insurer's petition makes that suit "first in time" over the employee's 9:00 A.M., the well established law in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of all other co-ordinate courts is applicable. *Curtis v. Gibbs,* 511 S.W.2d 263 (Tex.1974). The recent case of *Andrews v. Utica Mutual Insurance Co.,* 647 S.W.2d 22 (Tex.App.—Houston [1st Dist.] 1982, no writ history) presented a race to the courthouse situation like the one before us involving appeals from a ruling of the Industrial Accident Board. The case differs from ours in that the question was raised by plea of privilege instead of plea in abatement. But, the Houston Court held that the party filing first in time established venue and the resulting jurisdiction. It was held that Article 8307, sec. 5, incorporated the general law concerning priority of jurisdiction and that the factual question of "first in time" is the controlling issue. The Houston Court discussed and relied on the case of *Texas Employers' Insurance Association v. Baeza,* 584 S.W.2d 317 (Tex.Civ.App.—Amarillo 1979, no writ). That case, like the one

before us, used the vehicle of a plea in abatement to test the priority of jurisdiction. While holding that the plea of abatement failed for lack of proof, the court ruled that Article 8307, sec. 5, cases fall under the general rule that the court of first filing has exclusive jurisdiction.

■ The single point of error in our case is that the trial court erred in fixing the date of filing as being on or about April 6, the date of the attorney's transmittal letter. Under Rule 22, Tex.R.Civ.P., a civil suit is commenced by petition filed in the office of the clerk. Obviously, the party contemplating a suit decides whether or not to file it and if so, when it will be filed. The cases are numerous holding that the instrument is deemed to be filed when it is presented to the clerk regardless of whether or not a file mark is placed on the instrument and regardless of whether the file mark gives some other date of filing. *Standard Fire Insurance Co. v. LaCoke,* 585 S.W.2d 678 (Tex.1979). This case, and others relying upon this rule, have dealt with pleadings which could be construed as having been filed late. The purpose of the rule in such cases it to protect the diligent party from being penalized by the errors and omissions of the court clerk. *Standard Fire Insurance Co. v. LaCoke* at 480. When filing actually occurs, then, is controlled by the party filing and not the clerk. Pleadings can be filed with the clerk or the judge, and McDonald says, "They are deemed filed when delivered to and received by either in his official capacity with intent that they be filed and kept among the papers of the cause, subject to the inspection of the parties." 2 McDonald. Texas Civil Practice 5.20 (1982), citing *Consolidated Furniture Company v. Kelly,* 366 S.W.2d 922 (Tex. 1963). The question of when filing occurs is put in good perspective and better understood when we consider the quote in the Consolidated Furniture case from the old case of *Beals Administrator v. Alexander,* 6 Tex. 531:

> In our practice a paper is to be deemed to have been filed only when it shall have been delivered into the custody of the Clerk, to be by him kept among the papers of the cause, subject to the inspection of the parties. If a party causes the Clerk to mark upon a paper, "filed," but afterwards withdraws it from the custody of the Clerk, and from the inspection of the opposite party and the Court, the paper will not be considered as filed in the contemplation of the law. While it is so withdrawn, the fact of its existence need not be noticed by the Court, or the adverse party; and such proceedings may lawfully be taken, as if, in fact, it had no existence.

In the case before us, we conclude that the petition was not filed until the clerk was instructed to file on April 15 at 8:12 A.M. The instructions of the party delivering the petition "not to file" and to "hold" until notified should control its filing. We conclude that the trial court erred in finding otherwise. That is not to say that we approve the method of filing used here, but that is not the question before us.

The judgment of the trial court dismissing this cause is reversed and it accordingly ordered that it be reinstated on the docket.