**Gary GARBER and Ladona Garber, Plaintiff,**

v.

**SIR SPEEDY, INC., Defendant.**

**No. 3:95–CV–2091–T.**

United States District Court, N.D. Texas, Dallas Division.

Nov. 14, 1995.

---

Ray Carter Brooks, Law Office of Robert Huckabee, Garland, TX, for Gary Garber, Ladona Garber.

James F. Boyle, Hagle & Boyle, Grand Prairie, TX, for Sir Speedy, Inc.

*ORDER GRANTING DEFENDANT'S MO-TION TO STAY PROCEEDINGS, DE-NYING WITHOUT PREJUDICE MO-TION FOR SUMMARY JUDGMENT, AND ADMINISTRATIVELY CLOS-ING CASE*

MALONEY, District Judge.

Before the Court are Defendant's Motions for Summary Judgment, or, alternatively, to

Dismiss, Stay, or Abate the Proceedings. The motions are opposed. After considering the motions, the response, and the reply, the Court is of the opinion that the motion to stay should be granted, and the motion for summary judgment denied without prejudice.

This case involves a franchise dispute between Plaintiffs Gary and Ladona Garber and Defendant Sir Speedy, Inc. The Garbers allege that Sir Speedy violated various provisions of the Texas Deceptive Trade Practices Act by misrepresenting material facts concerning the franchise agreement. Sir Speedy alleges counterclaims for breach of the franchise agreement.

The undisputed facts are as follows. On May 28, 1987, the parties entered into a written franchise agreement. The franchise agreement contained an arbitration clause that provided that "any controversy or claim arising out of or relating to this Franchise Agreement or the breach hereof, except as stated below, shall be settled by arbitration. . . ."

On October 4, 1991, the Garbers filed suit against Sir Speedy in the 145th Judicial District of Nacogdoches County, Texas. The Garbers alleged that Sir Speedy misrepresented the strength of the market in Nacogdoches, and failed to provide adequate marketing support as required by the terms of the franchise agreement. The Garbers claimed that this conduct violated the Texas Deceptive Trade Practices Act.

In response to the Garbers' lawsuit, Sir Speedy initiated arbitration in California. On December 16, 1991, Sir Speedy filed a motion with the Nacogdoches court to stay the pending litigation and compel arbitration under the terms of the franchise agreement.

The Garbers responded by amending their complaint. The Garbers renewed their previously-asserted claims, and requested a declaratory judgment that the claims against Sir Speedy were not subject to compelled arbitration. The Garbers also requested that the court enjoin the arbitration.

On January 21, 1992, the Nacogdoches court granted Sir Speedy's motion to stay the litigation pending arbitration, and denied the Garbers' motion to enjoin the arbitration.

The California arbitration continued to resolution, but the Garbers refused to participate. Sir Speedy obtained a judgment against the Garbers for breach of the franchise agreement.

On November 30, 1992, the Superior Court for the State of California for the County of Orange entered judgment confirming the arbitration award. The judgment granted an award in favor of Sir Speedy against the Garbers for past due royalties and attorney's fees in the amount of $16,125.83, and permanently enjoined the Garbers from operating any business at the Nacogdoches franchise location except a Sir Speedy franchise.

On June 12, 1993, the Garbers filed their second amended complaint with the Nacogdoches court. The Garbers renewed their claims against Sir Speedy, and alleged that the arbitration award was not binding. Further, the Garbers alleged that the injunction granted in favor of Sir Speedy was manifestly unreasonable as a matter of law because it was granted by a California lawyer and affected property located in Texas. The Garbers argued that the judgment directly challenged the power of the Nacogdoches court to determine whether activities located in Nacogdoches may be enjoined.

Pursuant to the Uniform Enforcement of Foreign Judgments Act, Sir Speedy recorded the Orange County judgment with the District Court of Nacogdoches County, and began collection proceedings against the Garbers. The Garbers responded by posting a supersedeas bond with the Nacogdoches District Clerk, and appealed the validity of the judgment.

On August 31, 1994, the Court of Appeals for the Twelfth Court of Appeals District, Tyler, Texas, upheld the validity of the Orange County judgment.

On February 21, 1995, the Garbers filed their third motion to revive the action with the Nacogdoches court. On June 7, 1995, the Garbers filed their supplemental petition for injunction, requesting that enforcement of the Orange County judgment be enjoined pending resolution of their Deceptive Trade Practices Act claims, and requested that Sir

Speedy be enjoined from initiating any further arbitrations against the Garbers.

In response to the Garbers' state court motions, Sir Speedy asserted that the Nacogdoches action was stayed pending arbitration of the Garbers' claims. Sir Speedy argued that the stay should remain in effect because the Garbers had failed to submit their claims to arbitration. Also, Sir Speedy argued that enforcement of the judgment should not be stayed because the Garbers were at fault for not submitting their claims to arbitration.

Before the Nacogdoches court ruled on the motions, Sir Speedy initiated another arbitration in California seeking damages for lost future royalties and breach of the franchise agreement.

The Nacogdoches court subsequently denied all relief requested by the Garbers, and granted Sir Speedy's request to allow enforcement of the Orange County judgment. As a result, the Nacogdoches action is stayed pending submission of the Garbers' claims to arbitration.

On September 7, 1995, the Garbers filed suit in the 134th Judicial District Court of Dallas County, seeking to enjoin Sir Speedy from engaging in the second arbitration, and for damages for violations of the Deceptive Trade Practices Act.

On September 18, 1995, Sir Speedy removed the Dallas action to this Court based on diversity of citizenship. Sir Speedy now requests summary judgment on the Garber's claims, or, alternatively, to dismiss, stay, or abate the case pending resolution of the Nacogdoches action. As the Court is of the opinion that the action should be stayed pending resolution of the Nacogdoches action, the motion for summary judgment is denied without prejudice.

In its request to stay the case pending resolution of the Nacogdoches action, Sir Speedy relies on the principles articulated in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and *Moses H. Cone Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1982).

■ Generally, the Court has an obligation to exercise its properly invoked jurisdiction. *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246. The circumstances permitting dismissal or stay of a federal suit due to the presence of a concurrent state court action are more limited than the circumstances appropriate for abstention. *Id.* Only under exceptional circumstances should the Court stay the federal action pending resolution of the concurrent state action. *Moses Cone,* 460 U.S. at 19, 103 S.Ct. at 938.

■ To determine whether exceptional circumstances exist which would justify a stay, the Court weighs several factors. The factors include whether there is jurisdiction over any res or property, the inconvenience of one forum over another, the desirability of avoiding piece-meal litigation, the order in which jurisdiction was obtained, whether state or federal law will be applied, and whether there is adequate protection available in state court. *See Evanston Ins. Co. v. Jimco, Inc.,* 844 F.2d 1185, 1191–93 (5th Cir. 1988) (discussing the *Colorado River* and *Moses Cone* factors). The factors are to be applied in a flexible and pragmatic manner, with a view to the realities of the case at hand. *Moses Cone,* 460 U.S. at 21, 103 S.Ct. at 939–40.

■ In this case, there is no res or property for a court to gain control over. The relative inconvenience of the forum is not at issue. Further, the danger of piece-meal litigation is slight, as the pending state court action is stayed. As such, the first three factors counsel against a stay in this case. *See Evanston,* 844 F.2d at 1191.

However, the Nacogdoches action has been pending for over three and one-half years, while this action is in its initial pleading stage. State law provides the rules of decision. Further, there is no reason to suppose that the parties do not enjoy adequate protection in the Nacogdoches court. Thus, the remaining factors would favor a stay in this case.

Because the *Colorado River/Moses Cone* factors should be weighed in favor of exercising jurisdiction, a mechanical application of the factors would counsel against a stay. *See*

*Evanston,* 844 F.2d at 1191. However, further analysis is required in light of the unique factual circumstances of this case.

■ Sir Speedy's request for a stay is buttressed by the interests involved in the enforcement of the Arbitration Act, 9 U.S.C. § 1 *et seq.* The policy driving the Arbitration Act demands rigorous enforcement of agreements to arbitrate. *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 221, 105 S.Ct. 1238, 1242, 84 L.Ed.2d 158 (1985). Congress' clear intent of the Arbitration Act was to move parties to arbitrable disputes out of court and into arbitration as quickly and as easily as possible. *See Moses Cone,* 460 U.S. at 22, 103 S.Ct. at 940. The Arbitration Act provides two parallel vehicles for enforcing an arbitration agreement: a stay of litigation in any case raising a dispute referable to arbitration, 9 U.S.C § 3, and an affirmative order to engage in arbitration, § 4. Both of these sections call for an expeditious and summary hearing, with only restricted inquiry into factual issues. *Moses Cone,* 460 U.S. at 22, 103 S.Ct. at 940. Thus, a party wishing to enforce an arbitration agreement should be afforded prompt relief from the rigors of litigation once it has been determined that the parties have entered into an agreement to arbitrate.

In this case, the Garbers brought claims against Sir Speedy in Nacogdoches County that involved their franchise agreement. The franchise agreement contained an arbitration provision. To enforce its right to arbitrate disputes involving the franchise agreement, Sir Speedy initiated an arbitration proceeding and requested a stay of the Nacogdoches litigation. The Nacogdoches Court granted the stay pending arbitration of the Garbers' claims.

Rather than pursue their claims in arbitration, the Garbers elected not to attend the arbitration. After the arbitration concluded, the Garbers filed a motion to revive their case against Sir Speedy. However, as the Garbers had failed to submit their claims to arbitration, the Nacogdoches court declined to reopen the case.

After the defeat in the Nacogdoches court, rather than submitting their claims to arbitration, or appealing the order of the Nacog-doches court, the Garbers filed suit in Dallas County. The "new" action attempts to enjoin Sir Speedy from pursuing the second arbitration, and realleges their claims against Sir Speedy for violations of the Deceptive Trade Practices Act.

■ Absent a stay in this case, the driving policy of the Arbitration Act would be circumvented. The Court takes judicial notice of the fact an apparently arbitrable dispute has involved three Texas trial courts, one California trial court, one Texas appeals court, one California appeals court, and one federal district court, all without final resolution of the dispute between the parties. As such, a stay in this case is appropriate to effectuate the policies underlying the Arbitration Act.

■ In addition, a stay in this case is appropriate to discourage forum shopping. Litigants should be discouraged from filing suits in courts with concurrent jurisdiction for the purpose of avoiding adverse rulings in the court in which the action was originally filed. This factor has been recognized by other courts in the context of deciding whether to stay a case pending concurrent state court litigation. *See American Intern. Underwriters v. Continental Ins.,* 843 F.2d 1253 (9th Cir.1988). As the action filed in Dallas County was an apparent attempt to circumvent the adverse ruling of the Nacogdoches court, the Garbers should not be rewarded for forum shopping.

The Court notes that this case is unique in that the party seeking the stay is the party that invoked the Court's jurisdiction. Although the Court is unclear why Sir Speedy did not move to dismiss the Dallas action under the Texas "first filed" rule, *see Andrews v. Utica Mutual Ins. Co.,* 647 S.W.2d 22, 25 (Tex.App.—Houston [1st Dist.] 1982, writ dism'd) (discussing the principle of dominant jurisdiction), and instead removed the action to federal court, this factor does not detract from the Court's ruling. As the Garbers selected the courts of the state of Texas on both occasions to enforce their rights, they should not now be heard to complain that the state forum cannot adequately pro-

tect their rights, especially as state law predominates.

In opposition to the motion to stay the proceedings, the Garbers essentially argue two points. First, the Garbers argue that their claims are not arbitrable under the provisions of the arbitration agreement. Second, they argue that Sir Speedy should be barred from pursuing a second arbitration after it has already been awarded a judgment on essentially the same facts. However, these are decisions for the arbitrator to make. *See City of Meridian, Miss. v. Algernon Blair, Inc.,* 721 F.2d 525, 527–28 (5th Cir.1983) (stating role of the court when an arbitration clause is present is limited to a determination of whether the parties entered into an agreement to arbitrate). As the Garbers have refused to raise these issues in arbitration, they should not be surprised that the courts are unwilling to hear them now.

In summary, the Nacogdoches case involves essentially the same issues and the identical parties as this action. As such, this action is duplicative of the Nacogdoches action, which has been pending for three and one-half years. The claims of all the parties can be adequately adjudicated in the state court proceeding, especially since the issues involved are state law issues. Additionally, the policy of the Arbitration Act to quickly and efficiently move parties to arbitrable disputes out of the courts, as well as the policy of discouraging forum shopping, factor in favor of a stay. As such, exceptional circumstances exist that justify staying this action pending resolution of the litigation first filed in Nacogdoches County.

It is therefore ORDERED that Defendant's Motion to Dismiss, Stay or Abate the Case, filed October 16, 1995, is granted.

It is FURTHER ORDERED that Defendant's Motion for Summary Judgment, filed under the same cover, is denied without prejudice.

It is FURTHER ORDERED that this action is stayed and administratively closed pending resolution of the action in the 145th Judicial District Court of Nacogdoches County, Texas, styled *Gary Garber and Ladona Garber v. Sir Speedy, Inc.,* Cause No. 7415–

91–10. The case will not be reopened except by motion of the parties.