**REVERSE and REMAND; and Opinion Filed October 22, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00312-CV

**LARRY D. TOLIVER, Appellant**

V.

**RUTH ANTWINE-TOLIVER, Appellee**

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 1-12-379**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice O'Neill

Appellant Larry D. Toliver appeals the dismissal of his petition for divorce for want of prosecution. According to Larry, the trial court erred in dismissing his divorce because he had done everything he reasonably could to prosecute his case. For the following reasons, we reverse and remand to the trial court for further proceedings.

Larry is an inmate at the Texas Department of Corrections in Huntsville, Texas. On April 18, 2012, Larry filed a pro se petition for divorce from his wife Patsy Ruth Toliver. In his original petition, Larry stated that he had forwarded a waiver of service to Patsy and expected she would execute it. He also however requested the clerk to issue citation and serve Patsy. In the alternative, he requested Patsy be provided "Notice of Suit," by certified mail return receipt.

He also filed a letter directed to the clerk with an attached statement of his inability to pay costs, supported by his inmate declaration.

On June 27, 2012, the trial court sent Larry a letter notifying him that his case was set on the July 20, 2012 docket. The letter stated he could appear by returning the letter and checking the appropriate box or boxes indicating whether he wanted the case be set for trial, when the case might be ready for trial, or whether he wanted the case dismissed. On July 5, 2012, Larry returned the letter notifying the trial court he had been incarcerated for almost eighteen years and requesting the case be set for a non-jury trial. Larry also sent the clerk a separate letter inquiring as to the status of his divorce.

On July 12, Larry filed a "Motion for Bench Warrant" requesting he be permitted to appear in person. In the alternative, he requested he be permitted to appear by conference call or that his attached inmate declaration be accepted as sufficient to prove up his divorce. In response, on July 18, 2012, the trial court sent Larry a letter notifying him that: (1) Patsy had neither been served nor executed a waiver of service, (2) there may be an issue as to where the divorce should have been filed,[1] and (3) either Petitioner or Respondent had to be present in court to prove up the final divorce. The trial court notified Larry it would "hold" the case for thirty days to give him an opportunity to review his options.

On August 22, 2012, just over a month later, and about four months after he filed his original petition, the trial court sent Larry a letter notifying him that the case was set for a December 7, 2012 docket call to determine whether it should be dismissed for want of

---

[1] Under Section 6.3041 of the Texas Family Code, a suit for divorce may not be maintained unless either the petitioner or the respondent have been a domiciliary in Texas for the preceding six-month period, *and* a resident of the county in which the suit was filed. TEX. FAM. CODE ANN. § 6.301 (West 2006). Here, suit was filed in Rockwall County, but it is unclear whether either respondent or petitioner was a legal resident of Rockwall County in the six month period prior to suit being filed. The residency requirements of the family code are mandatory, but not jurisdictional. *See Svensen v. Svensen,* 629 S.W.2d 97, 98 (Tex. App.—Dallas 1981, no writ).

prosecution.  Larry was informed that failure to appear and show good cause for retaining the case on the docket would result in dismissal.

According to Larry, on August 16, he promptly responded by sending the court a "Suit for Writ of Mandamus," an "Affidavit of Inability to Pay," and a "Motion for Appointment of Counsel."  On September 7, Larry sent the court a letter stating he had previously sent the above filings, but that they were returned.  He resent the filings which were received and filed on September 18, 2012.  In these filings, Larry again notified the trial court he was incarcerated and indigent and stated he was unable to pay for an attorney.  He directed the court to his petition wherein he had requested Patsy be served if she did not execute a waiver.  In particular, Larry had asked the clerk to issue citation and serve Patsy in accordance with rule 103 if Patsy did not "contact" the clerk's office within fourteen days.  He also requested, if necessary, that the court "assure" compliance with "additional" notice of suit by certified mail return receipt requested.  Larry asked the trial court to hold his petition in "abeyance" and to serve Patsy.  It does not appear from our review of the record that the clerk ever issued the citation.  On December 7, 2012, the trial court dismissed the case for want of prosecution.  Larry appeals.

We review a dismissal for want of prosecution under an abuse of discretion standard.  *Oliphant Fin., L.L.C. v. Galaviz*, 299 S.W.3d 829, 839 (Tex. App.—Dallas 2009, no pet.).  A trial court's authority to dismiss a case for want of prosecution stems from two sources: (1) Texas Rule of Civil Procedure 165a, and (2) the trial court's inherent power.  V*illarreal v. San Antonio Truck & Equip*., 994 S.W.2d 628, 630 (Tex. 1999); *Oliphant Fin.*, 299 S.W.3d at 839.  A trial court may dismiss a case under rule 165a on "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice" or when a case is "not disposed of within the time standards promulgated" by the supreme court.  TEX. R. CIV. P. 165a(1), (2).  In addition, the common law vests the trial court with the inherent power to dismiss

–3–

independently of the rules of procedure when a plaintiff fails to prosecute its case with due diligence. *Villarreal*, 994 S.W.2d at 630; *Oliphant Fin.*, 299 S.W.3d at 839. In determining whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case, including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay. *Id.* In determining whether an inmate has demonstrated a lack of diligence, a court should also be mindful of the inmate's constitutional right to access the courts and consider that an inmate cannot appear personally unless permitted by the court and may not be able to appear through counsel because of indigency. *See in re Marriage of Bolton*, 256 S.W.3d 832, 834 (Tex. App.—Dallas 2008, no pet.).

After reviewing the record, we conclude the trial court abused its discretion in concluding Larry did not prosecute his divorce with reasonable diligence. *See In re Marriage of Buster*, 115 S.W.3d 141, 144 (Tex. App.—Texarkana 2003, no pet.). In his petition, Larry stated he was attempting to procure a waiver of citation from Patsy, but if he failed to do so, he requested the clerk to issue citation and to serve Patsy. Larry also filed an "affidavit" of indigence, supported by his inmate declaration. When informed of the first docket call, he promptly responded and "appeared" by returning the trial court's letter and requesting his case be set for a non-jury trial. He also sent the clerk a letter inquiring as to the status of his case. Shortly thereafter, Larry filed a motion requesting a bench warrant or to be permitted to appear by telephone conference call. After Larry was notified that Patsy had not been served, he again notified the trial court he was indigent and incarcerated and requested Patsy be served. Just four months after he filed suit, the trial court sent Larry notice of its intent to dismiss for want of prosecution. The trial court subsequently dismissed Larry's petition pursuant to that notice, less than eight months after he filed suit. After reviewing the entire record, including Larry's request for a jury setting, his

indigency and request to have Patsy served, his filings in the trial court, and the length of time the case was on file, we conclude the trial court abused its discretion in concluding Larry failed to diligently prosecute his case. *See Avery v. Avery*, 05-12-00253-CV, 2013 WL 1896189, * 1 (Tex. App.—Dallas 2013, no pet.) (trial court abused its discretion in dismissing inmate's divorce when he had attempted, but failed, to obtain service of process on wife, and trial court failed to notify him that wife had not been served so that he could seek alternative service). We sustain Larry's sole issue, and reverse and remand to the trial court for further proceedings.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

130312F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LARRY D. TOLIVER, Appellant

No. 05-13-00312-CV          V.

RUTH ANTWINE-TOLIVER, Appellee

On Appeal from the 382nd Judicial District
Court, Rockwall County, Texas
Trial Court Cause No. 1-12-379.
Opinion delivered by Justice O'Neill.
Justices Lang-Miers and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

Judgment entered this 22nd day of October, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE